**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 94-60586

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROMAN MARTIN HERNANDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

(August 29, 1995)

Before REYNALDO G. GARZA, KING AND HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

BACKGROUND

On June 2, 1994, Roman Martin Hernandez ("Hernandez") pled guilty to one count of conspiracy to possess with the intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Six months earlier, on December 6, 1993, Hernandez had been sentenced in the Middle District of Florida to 84 months of imprisonment on an unrelated drug charge. At the sentencing hearing Hernandez argued that the sentencing guidelines required the district court to order that his sentence run concurrently with the undischarged Florida sentence.

The district court disagreed and sentenced him to a consecutive 120 month term of imprisonment. Hernandez timely filed a notice of appeal. For the reasons stated below we vacate the defendant's sentence and remand the case for re-sentencing.

DISCUSSION

I.

The government asserts that this court should review Hernandez' sentence for plain error only. It contends that the issue raised before this Court was not properly preserved for appeal because Hernandez did not cite the applicable section of the sentencing guidelines, i.e., § 5G1.3(c), and erroneously argued to the district court that his sentence should run concurrent with his undischarged prison term under § 5G1.3(b).

Even though Hernandez failed to specifically cite to § 5G1.3(c) in arguing that his sentence should be imposed concurrently, he clearly requested that the "sentence run *concurrent* with the sentence that is undischarged in Florida . . . [a]nd we ask that under § 5G1.3 of the Sentencing Guidelines." Although the specificity of Hernandez' request left something to be desired, it alerted the district court to the issue before it. This is not the case where a party completely and utterly failed to make an issue of the fact that his sentence should be imposed concurrently with an undischarged prison sentence. See, e.g., United States v. Torrez, 40 F.3d 84 (5th Cir. 1994) (plain error review applied where defendant never suggested or argued that his sentence should be imposed concurrently under § 5G1.3 or

2

otherwise).  More importantly, the structure of § 5G1.3 is designed to cover all circumstances that may arise when sentencing a defendant who has an undischarged term of imprisonment.  Thus, if neither subsection (a) or (b) applies, subsection (c) completes the universe of sentencing possibilities under § 5G1.3.

Subsection (a) applies if the defendant commits the instant offense while serving an undischarged term of imprisonment or after sentencing, but before serving the sentence, and subsection (b) applies if the conduct resulting in the undischarged term of imprisonment is taken into account in determining the offense level for the instant offense.  U.S.S.G. § 5G1.3.  When the instant offense was committed, Hernandez was not serving a term of imprisonment or awaiting surrender following sentencing, nor was the Florida offense considered a part of the same course of conduct.[1]  Because subsections (a) and (b) were inapplicable at sentencing, subsection (c) clearly applied.[2]  Therefore, as we discuss below, it was error for the district court not to refer to subsection (c) or its accompanying commentary in imposing sentence.

## II.

The district court has discretion to impose a sentence concurrently or consecutively on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a). However, Congress has directed the district courts, in making this

---

[1]The marijuana from the Florida offense was not included as relevant conduct in determining his offense level.

[2]In its appellate brief even the government concedes that subsection (c) was clearly applicable at sentencing.

determination, to "consider" the applicable guidelines and policy statements in effect at the time of sentencing. 18 U.S.C. § 3553(a).

Section 5G1.3(c) provides that, in any case other than those covered under subsections (a) and (b), "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a <u>reasonable incremental punishment</u> for the instant offense." U.S.S.G. § 5G1.3(c) (p.s.) (emphasis added). The commentary to section 5G1.3, Application Note 3, offers guidance for the district court in applying subsection (c):

> Where the defendant is subject to an undischarged term of imprisonment in circumstances other than those set forth in subsections (a) or (b), subsection (c) applies and the court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court <u>should consider</u> a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

(emphasis added).

To the extent that they interpret substantive guidelines and do not conflict with them or with any statutory directives, policy statements contained in the Sentencing Guidelines are authoritative. <u>Williams v. United States</u>, 112 S.Ct. 1112, 1119 (1992). <u>Cf.</u> <u>United States v. Headrick</u>, 963 F.2d 777 (5th Cir.

4

1992) (policy statements in Chapter 7 of the Sentencing Guidelines must be considered, but are advisory only because they do not interpret or explain any statute or guideline). We believe that § 5G1.3(c), a policy statement, is binding on district courts because it completes and informs the application of a particular guideline. See United States v. Brewer, 23 F.2d 1317, 1322 (8th Cir. 1994) ("This policy statement interprets § 5G1.3, whose purpose is to impose `an appropriate incremental punishment for the instant offense that most clearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time.'") (quoting U.S.S.G. § 5G1.3 comment. (backg'd)). If a defendant is subject to an undischarged term of imprisonment and neither subsection (a) or (b) applies, subsection (c) directs that the district court impose a consecutive sentence "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c) (p.s.). Therefore, the district court has no discretion in this regard; without detracting from its discretion to follow the suggested methodology in the commentary, discussed infra, we hold that the district court must consider the policy statement to this particular guideline when applicable. Otherwise, the sentence may result in an incorrect application of the guidelines. Williams, ---S.Ct.---, 117 L.Ed.2d at 353; United States v. Sorensen, 58 F.3d 1154, 1158 (7th Cir. 1995) (failure to apply § 5G1.3(c) is the same as not applying any other guideline and is thus appealable).

Similarly, where the commentary to a guideline section

functions to interpret that section or to explain how it is to be applied, a sentencing court is bound to consider its implications, unless it is plainly erroneous or inconsistent with the guidelines. Stinson v. United States, ---U.S.---, 113 S.Ct. 1913, 1917-20 (1993); United States v. Redman, 35 F.3d 437, 439 (9th Cir. 1994), cert. denied, ---U.S.---, 115 S.Ct. 922 (1995). Because Application Note 3 to § 5G1.3 interprets this policy statement and explains how it should be applied, a sentencing court is bound to consider its implications. United States v. Coleman, 15 F.3d 610, 612 (6th Cir. 1994). Therefore, the district court must consider the suggested methodology before determining whether a sentence should run consecutively or concurrently.

However, due to the permissive language of the commentary, we have decided that the suggested methodology is advisory only.[3] United States v. Torrez, 40 F.3d 84, 87 (5th Cir. 1994) (the "should consider" language in Application Note 3 denotes merely one possible manner of determining the appropriate incremental penalty). In other words, the district court maintains its discretion to reject the suggested methodology, but only after it has considered the methodology's possible application in reaching a reasonable incremental punishment. See id.; Redman, 35 F.3d at 441; Coleman, 15 F.2d at 613; United States v. Holifield, 53 F.3d 11, 16 (3rd Cir. 1995). If the district court chooses not to follow the methodology, it must explain why the calculated sentence

_____

[3]The methodology is simply meant to "assist the court in determining the appropriate sentence." U.S.S.G. § 5G1.3 comment. (n.3)

6

would be impracticable in that case or the reasons for using an alternate method.[4]  Redman, 35 F.3d at 441; Holifield, 53 F.3d at 16-17.  Thereafter, the district court is left with discretion to impose a sentence which it believes provides an appropriate incremental punishment.[5]

After reviewing the record, we find that the district court did not consider § 5G1.3(c), its methodology, or explain why it was not employed.  Although it is true that the district court expressed its desire to impose a harsh sentence on the defendant for his past punishment, or lack thereof, we believe it was error for it not to have addressed the sections above.

For the foregoing reasons, the district court's decision is VACATED and REMANDED for consideration of § 5G1.3(c) and its sentencing methodology.[6]

---

[4]In dicta, this Court has stated that if subsection (c) is applicable, "we would be required to vacate and remand for re-sentencing [if] the district court failed to use the methodology prescribed by subsection (c) or to explain why such a methodology would be impracticable in this case." United States v. Bell, 46 F.3d 442, 446 n.8 (5th Cir. 1995).  We decline to follow this dicta to the extent that it would require a district court to do more than explain its reasons for not employing the commentary methodology.  Thus, although a district court might state why it would be impracticable to apply the suggested methodology, it is not necessary to justify its rejection of the methodology.

[5]We agree with the Ninth Circuit that a "decision to impose a consecutive sentence is not a departure from the guidelines." Redman, 35 F.3d at 442.  The district court need not apply a departure analysis in imposing an incremental punishment because the commentary's methodology is permissive and not as mandatory as most guideline provisions. Id.  But see United States v. Brewer, 23 F.3d 1317 (8th Cir. 1994) (district court must perform departure analysis if it decides not to follow the suggested methodology).

[6]We note that the district court may very well impose the same sentence on the defendant after remand.  Indeed, at sentencing, the

district court clearly felt that the defendant had repeatedly engaged in drug trafficking offenses and had not received sufficient punishment for those activities. Therefore, if the district court considers the methodology in Application Note 3 and nevertheless believes that it will not provide an appropriate incremental punishment, it has the discretion to impose a harsher sentence on the defendant, including the one originally imposed. However, the district court must provide its reasons for using an alternate method at sentencing.