RHESA HAWKINS BARKSDALE, Circuit Judge,
specially concurring:
As the Government asserts, we should review the issue before us solely for plain error. Although United States v. Hernandez, 64 F.3d 179 (5th Cir.1995), is binding precedent, its reach is most limited, because its deciding an issue was preserved for review is so fact specific. Applying that case’s fact-driven non-application of plain error review to this factually distinguishable case allows an exception for vague, muddled, imprecise, or barely mentioned ideas on a subject to swallow our plain error rule. This we cannot allow.
Counsel appearing before our court should not seek shelter under the opinion in this case from the force of our usual stringent— and most necessary — application of our recently strengthened and increasingly enforced plain error rule. As the Supreme Court and our court have stated repeatedly, a central purpose of that rule is to ensure that properly framed issues are presented timely in district court so that it can dispose of them first, resulting, inter alia, in judicial efficiency and economy. E.g., United States v. Calverley, 37 F.3d 160 (5th Cir.1994) (noting plain error review “founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact”), cert. denied, - U.S.-, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995).
Unlike Hernandez, who argued (albeit imprecisely) that his sentence should be concurrent under the guidelines, Richardson did not even argue for a concurrent sentence. Rather, without citation to any authority, he merely requested that it be concurrent and noted that the sentence was within the court’s discretion. As noted, the guideline pushed forward so vigorously here was never mentioned; nor, unlike Hernandez, 64 F.3d at 181, did Richardson even urge an incorrect one.
Therefore, I would hold that Richardson failed to preserve the issue, and would, accordingly, apply only plain error review.