**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-10107**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**L.D. RICHARDSON,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

June 28, 1996

Before DUHÉ, BARKSDALE, DeMOSS, Circuit Judges.

PER CURIAM:

Appellant L. D. Richardson argues that the district court abused its discretion when it applied a consecutive sentence pursuant to § 5G1.3(c) by failing to consider certain factors enumerated in 18 U.S.C. § 3553(a) which guide a court in its determination of whether to impose a concurrent or consecutive sentence. For the following reasons, we AFFIRM.

**BACKGROUND**

On August 7, 1992, defendant L. D. Richardson was arrested for being a felon in possession of a firearm. He was sentenced in federal court to a term of 63 months in prison.

On March 23, 1994, a grand jury indicted Richardson and nine others in a seven-count indictment charging various drug trafficking crimes and related offenses. On October 6, 1994, Richardson agreed to plead guilty to a superseding information charging him with interstate travel in aid of racketeering enterprises and aiding and abetting, in violation of 18 U.S.C. § 1952(a)(3) and (2). The government agreed to move to dismiss the original indictment and to not oppose Richardson's request that the sentence for interstate travel run concurrently with his prior felon-in-possession sentence. In his plea agreement, Richardson indicated that he understood that it was ultimately within the district court's discretion to decide whether the sentences would run concurrently or consecutively. The parties agreed that the statutory maximum prison sentence was five years.

A presentence investigation report ("PSR") was prepared and given to the district judge. The PSR stated that the sentencing guidelines range exceeded the five-year statutory maximum; therefore, the guideline range became 60 months. The PSR further

stated that U.S.S.G. § 5G1.3(b)[1] should apply to the interstate travel sentence, thereby mandating concurrent sentences. On November 9, 1994, the district court rejected both the plea agreement and Richardson's guilty plea.

On December 22, 1994, Richardson and the government entered into an amended plea agreement. In their amended agreement, Richardson and the government stipulated that U.S.S.G. § 5G1.3(c) should apply instead of U.S.S.G. § 5G1.3(b). The government again agreed not to oppose Richardson's request for a concurrent

---

[1] Prior to the 1995 amendments, which became effective on November 1, 1995, § 5G1.3(a),(b),and (c)read as follows:

**§ 5G1.3.** **Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3 (1994).

sentence. Richardson re-stated in his amended plea agreement that he understood that the district court had the discretion to order consecutive or concurrent sentences.[2]

_____

[2] Paragraphs four and nine of Richardson's amended plea agreement state the following:

> 4. The sentence in this case will be imposed by the Court. there is no agreement as to what that sentence will be. Sentencing is pursuant to the Sentencing Reform Act of 1984, making that sentencing guidelines applicable. Defendant L.D. RICHARDSON has reviewed the application of the guidelines with his attorney, including those circumstances under with the court may depart from the Guidelines, but understands no one can predict with certainty what guideline range will be applicable in this case until after pre-sentence investigation has been completed and the Court has ruled on the results of that investigations. Defendant L.D. RICHARDSON acknowledges that he understands that the court is required to consider the Guidelines but may depart from, the Guidelines under some circumstances, which circumstances are set forth in the Guidelines. Defendant L.D. RICHARDSON will not be allowed to withdraw his plea if the applicable guideline range is higher than expected, or if the Court departs from the applicable guideline range.

> 9. Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States agrees not to oppose Defendant RICHARDSON'S request that the sentence to be imposed in this case run concurrently with the federal sentence currently being served by Defendant RICHARDSON in Cause No 5:92-CR-0108-C, with the understanding that this request is not binding upon the court. Defendant L.D. RICHARDSON understands that the decision of what sentence will be imposed in this case, as well as whether the sentence in this case will run currently with or consecutively to his current sentence is totally within the discretion of the Court.

This plea agreement was signed by Richardson. Richardson stated on the record, in open court, that he understood the terms of the agreement. He does not now assert that his signature was coerced, or that this agreement was made without his full understanding of its conditions and implications.

4

The district court accepted both Richardson's guilty plea and the parties' amended plea agreement. The next day, the probation officer amended the PSR to apply U.S.S.G. § 5G1.3(c).

On January 20, 1995, the district court held a sentencing hearing. At the hearing, Richardson did not object to the facts, as stated in the PSR, or the guideline calculation recommended therein. Richardson only asked the district court to make his sentence run concurrently with his felon-in-possession sentence.[3] The district court adopted the findings of the amended PSR and ordered a sentence of 60 months to run consecutively to Richardson's felon-in-possession sentence.

Richardson timely filed a notice of appeal.

**DISCUSSION**

Richardson argues that the district court's application of a consecutive sentence was an abuse of discretion. Richardson does not dispute that § 5G1.3(c) is the applicable sentencing guideline[4], nor does he contest that § 5G1.3(c) allows the district

---

[3] At the time of the hearing, Richardson had served two and one-half years of the five-year sentence which he was serving for his first conviction. If concurrent sentencing was applied for the second conviction, the second sentence would be added to the undischarged term of the first sentence. Because the statutory maximum sentence for his second conviction was five years, and because Richardson had an undischarged term of two and one-half years from his first sentence, at most, under concurrent sentencing, only two and one-half years could be added to his first sentence. On the other hand, a consecutive sentence would be calculated to run from the time he completed the five-year sentence for his first conviction.

[4] Upon our de novo review of the record, we were initially concerned with whether the district court correctly concluded that

5

judge discretion in imposing either concurrent or consecutive sentences. Rather, Richardson simply argues that, before imposing the sentence, the district court failed *to consider* specific

---

subsection (c) of § 5G1.3, rather than subsection (b), applied to the facts of this case. For the following reasons, we believe that the district court was correct in applying subsection (c).

The key to determining whether subsection 5G1.3(b) or subsection 5G1.3(c) applies, is whether or not the offense conduct resulting in the incarceration for the undischarged term of imprisonment was "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). If the offense conduct was fully taken into account, then (b) applies. If the offense was not fully taken into account, then (c) applies.

An examination of the PSR reveals that although the gun was seized by authorities while investigating drug trafficking at a residence on August 8, 1992, neither the PSR writer, nor the sentencing judge, determined that the gun was used or possessed in connection with another crime (i.e., drug trafficking). In fact, only the gun and $4,843 in cash were seized. In addition, the defendant claimed that he had the gun for personal protection. If the gun was present to facilitate the drug trafficking activities that were occurring at the resident, that conduct could have been sanctioned by applying § 2K2.1(b)(5) or § 2K2.1(c).

The PSR for the instant conviction reflects that from July 2-5, 1992 (dates prior to the dates of the conduct referenced in the PSR for the felon in possession conviction), the defendant engaged in the conduct of interstate travel in aid of racketeering (i.e., traveling to California with cash to purchase cocaine; purchasing cocaine and transporting it back to Texas; manufacturing the cocaine into "crack" cocaine; distributing approximately 400 grams of "crack.") Nothing in the PSR reflects that "relevant conduct" occurred outside the prescribed time span (7/2-7/5) except the vague phrase that "...he then subsequently knowingly and intentionally distributed the approximate 400 grams of cocaine base...." Of significance was that in calculating the offense level for this offense, the PSR writer and judge determined that § 2D1.1(b)(1)(increase to offense level if a firearm was present) did not apply.

Thus, the firearm possession (resulting in the undischarged term of incarceration conviction) was not "fully taken into account in the determination of the offense level for the instant offense," as mandated by § 5G1.3(b), making § 5G1.3(c) applicable.

factors enunciated in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3584. The government argues that this court's review should be limited to plain error because Richardson failed to object to either the PSR or the consecutive sentence at the sentencing hearing. The government further argues that it was completely within the district court's discretion to impose a consecutive sentence under § 5G1.3(c), and that the district court made this decision after adequately considering the factors enumerated in § 3553(a).

District court decisions as to the application of consecutive or concurrent sentences are reviewed for abuse of discretion. **United States v. Brown**, 920 F.2d 1212, 1216-17 (5th Cir.), <u>cert. denied</u>, ___ U.S. ____, 111 S. Ct. 2034, 114 L.Ed.2d 119 (1991).

Section 3584 states, in relevant part:

> **(a) Imposition of concurrent or consecutive terms**. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively .... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

> **(b) Factors to be considered in imposing concurrent or consecutive terms**. The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in § 3553(a).

18 U.S.C. § 3584. The factors set forth in § 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

7

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentence range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to § 994(a)(1) of title 28 United States Code, and that are in effect on the date the defendant is sentenced...

* * * *

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence discrepancies among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In support of its order imposing consecutive sentences, the district court orally stated the following:

> I will now state on the record the specific reasons for imposing the sentence that I have just imposed.
>
> As to the term of incarceration, the statutory maximum is a 60-month term. That becomes the guideline range. I have imposed a term of incarceration of 60 months. I believe a sentence of 60 months does adequately address the sentencing objectives of punishment and deterrence.
>
> No fine is assessed for the reason I do not believe the defendant has sufficient assets at this point to pay a fine. The three-year term of supervised release is imposed for reason I believe the defendant will need this amount of supervision to see that he reassimilates himself back into society, obtains suitable employment, and maintains a law-abiding lifestyle.
>
> The $50 special assessment is imposed because the law mandates that it be.

Richardson argues that the district court's language does not evince a consideration of the seven factors enumerated in § 3553(a). Because § 3584 states that the district court *shall* consider the factors set forth in § 3553(a), Richardson argues that the district court abused its discretion by failing to accord such consideration.

The government disagrees and argues that the district court's oral statement shows that it did give proper consideration to the factors in § 3553(a). Furthermore, the government asserts that we should apply a plain error standard of review because Richardson did not object to his sentence at the sentencing hearing.

9

*Standard of Review*

As to the applicable standard of review, it appears that Richardson did preserve his issue for appeal. In **United States v. Hernandez**, 64 F.3d 179 (5th Cir. 1995), which was issued two weeks after the government filed its brief, we held:

> Even though Hernandez failed to specifically cite to § 5G1.3(c) in arguing that his sentence should be imposed concurrently, he clearly requested that the "sentence run concurrent with the sentence that is undischarged in Florida ... [a]nd we ask that under § 5G1.3(c) of the Sentencing Guidelines." Although the specificity of Hernandez' request left something to be desired, it alerted the district court to the issue before it. This is not the case where a party completely and utterly failed to make an issue of the fact that his sentence should be imposed concurrently with an undischarged prison sentence.

**Hernandez**, 64 F.3d at 181. Accordingly, considering the facts of this case, we hold that Richardson raised this issue below. Therefore, Richardson's error was preserved for appeal. As such, "[a]lthough we review a district court's decision to order consecutive or concurrent sentences for abuse of discretion, see, e.g., **United States v. Devaney**, 992 F.2d 75, 77 (6th Cir.), cert. denied, ___ U.S. ____, 114 S. Ct. 237, 126 L.Ed.2d 191 (1993), we review de novo whether the district court properly applied the relevant sentencing guideline to the defendant." **United States v. Cutler**, 36 F.3d 406, 407 (4th Cir. 1994).

10

***Section 3553(a) Factors***

As to the government's assertion that the district court properly considered the seven factors enunciated in § 3553 (and, thus, did not abuse its discretion in imposing a consecutive sentence), the government argues that the district court's oral statement evinces a proper consideration of the statutory factors. The government argues that, "while the court ... did not specifically mention these factors in the context of reasons for the sentences being imposed consecutively, the obvious inference was that the court meant those factors to apply as reasons for the sentences being imposed consecutively." We agree.

Upon review of the record, we note that the aforementioned oral statement by the district court constitutes the only evidence of the district court's consideration of this issue. Thus, we must determine whether this sole statement by the district court evinces due consideration to the § 3553(a) factors. We acknowledge that the district court's statement does not specifically mention § 3553(a), or the specific factors stated, therein; however, the district court does state that it considered "the sentencing objectives of punishment and deterrence." Such a statement implies a general consideration by the district court of several of the factors embodied in 18 U.S.C. § 3553(a). While the district court's oral statement is not a model of detail and specificity, we do not find it to be so lacking as to evince a disregard of the § 3553(a) factors, or to affect the lawfulness of this sentence.

Accordingly, we hold that the district court did not err in its discretionary exercise of imposing consecutive sentences.

## CONCLUSION

For the foregoing reasons, the order of the district court is **AFFIRMED.**