**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-50685

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVE RICHARD SHOCKEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CR-67-4)

_____

April 9, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Steve Richard Shockey, federal prisoner #60947-080, appeals his sentence following a guilty plea for possession with intent to distribute cocaine in violation 18 U.S.C. § 841(a)(1) and for using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).

Shockey contends that the factual basis was inadequate to

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

support his guilty-plea conviction for carrying a firearm in relation to a drug-trafficking crime. Although Shockey does not dispute that he "carried" the firearm, he argues that his carrying of the firearm was not "in relation to" the underlying drug trafficking offense. According to the facts presented in the plea agreement and at the plea hearing, officers observed that when Shockey was leaving his apartment, after arranging the drug transaction over the telephone, he was holding an object in his hand, concealed under his jacket. The officers then executed an existing warrant for Shockey's arrest and discovered that the object Shockey had been holding under his jacket was a firearm; Shockey was in possession of the narcotics at that time. The district court's finding that the weapon was carried in relation to Shockey's narcotics offense, rather than simply coincidental to it, was, therefore, not clearly erroneous. *See United States v. Tolliver*, 116 F.3d 120, 125-26 (5th Cir.), *cert. denied*, 118 S. Ct. 324 (1997); *United States v. Wilson*, 884 F.2d 174, 176-77 (5th Cir. 1989).

Shockey also argues that the district court erred in departing upward from the sentencing guidelines based on his criminal history score. Shockey's presentence investigation report (PSR), which the district court adopted, placed him at an offense level of 8 and criminal history category VI, yielding an imprisonment range of 18 to 24 months. Pursuant to U.S.S.G. § 4A1.3, the district court then upwardly departed from the guideline range and sentenced Shockey to a term of 46 months. Shockey contends that the district

**2**

court unreasonably based the departure on his prior convictions, which he characterizes as primarily property and drug or drug paraphernalia possession cases and not violent or other "major" offenses. Shockey also argues that the district court failed to evaluate and state for the record the appropriateness of each level above which it departed before arriving at its sentence, as required by *United States v. Lambert*, 984 F.2d 658 (5th Cir. 1993) (en banc).

We generally review the district court's decision to depart upward for abuse of discretion. *See United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994) (en banc), *cert. denied*, 115 S. Ct. 1969 (1995). We affirm a departure from the guidelines if the district court offers acceptable reasons for the departure and the departure is reasonable. *See id.* However, a defendant who seeks to appeal his sentence must have objected to his PSR or at his sentencing hearing in order to preserve the alleged error for appeal. *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1565 (1994). A failure to object limits us to plain error review. *See United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997) (per curiam).

The government maintains that Shockey failed to object to the upward departure. Although Shockey concedes that he did not file objections to the PSR, he claims that he objected at his sentencing hearing when, prior to its imposition of sentence, the court asked Shockey and his attorney if they had any comments or objections regarding the PSR. Shockey replied in the negative, and his

3

attorney said that they "did not file objections" to the PSR but that he "would like to make a few observations about the report." He asked the court to consider the following in reviewing the recommendations of the probation officer:

> [Shockey's] criminal record, arrest and conviction record in the past takes several pages, but I would respectfully point out to the court that virtually every one of those offense relates to the original mistake that Mr. Shockey made which is becoming a drug addict or a drug user. The conviction record does not indicate a record of violent crimes against the person but crimes that are directly related to drug use and drug possession, which has been a continuing problem. Mr. Shockey has repeatedly expressed his desire and interest in entering a drug rehabilitation program, [and] hopes to do that as soon as possible.

At no other time did either Shockey or his attorney comment on Shockey's criminal history. Later in the sentencing hearing, the court expressed concern about Shockey's criminal history as reflected in the PSR and, after comments by the prosecutor and probation officer, imposed sentence, including the upward departure. Neither Shockey nor his attorney objected to the sentence; in fact, neither of them said anything after the court imposed the sentence.

For an objection to be adequate, a party must raise the objection with sufficient specificity so that the district court is alerted to the issue before it. *See United States v. Richardson*, 87 F.3d 706, 710 (5th Cir. 1996) (per curiam). "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995) (internal quotations and citation omitted). An argument

**4**

for leniency does not constitute an objection for purposes of preserving error for appeal. *See United States v. McDowell*, 109 F.3d 214, 216 (5th Cir. 1997) (holding that the defendant's plea for leniency was inadequate to preserve the issue of upward departure for appeal because it did not directly address the issue); *Krout*, 66 F.3d at 1434 (holding that defendant's request at sentencing that the district court reconsider its decision to run two sentences concurrently was a simple plea for leniency and that the corresponding objection was insufficient to preserve the issue for appeal because it offered no particular legal basis). Here, the attorney's comments, which merely set forth reasons for leniency and did not offer any relevant legal basis for objection, were not sufficiently specific to inform the court that Shockey objected to the district court's reasons for departing, to its method of calculating the departure, or even to the extent of the departure. Thus, we are limited to reviewing for plain error.

In order to show plain error, the appellant must show that (1) there was an error, (2) the error was clear or obvious, and (3) the error affected the substantial rights of the defendant. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 115 S. Ct. 1266 (1995). While it is error to depart from the guidelines, it is plain error only if a court on remand, after correctly applying the sentencing guidelines, could not reinstate the same sentence. *See Ravitch,* 128 F.3d at 872 (affirming the defendant's sentence even though the district court's method of departing may have been incorrect because the

district court could have imposed the same sentence if it had properly applied the guidelines); *McDowell*, 109 F.3d at 219 (concluding that although the district court erred in relying on an inappropriate reason for departing upward, the sentencing error was harmless because the departure was valid for another stated reason and the court could have imposed the same sentence had it relied only on that proper reason).

Here, the district court concluded that Shockey's criminal history score of 25 points, which the court considered to be "substantially greater than the average category score," and the nature and extent of Shockey's criminal history, including "a number of felony forgery passing convictions, convictions of stolen property, grand theft, possession of controlled substances, carrying concealed weapons and escape," supported a departure for an inadequate criminal history score. Upon review of the record, we hold that the imposed departure from the guidelines and the extent of the departure were reasonable and, therefore, did not amount to plain error. *See Ashburn,* 38 F.3d at 809 (upholding a sentence that was more than twice the recommended guideline range because the § 4A1.3 departure was reasonable); *Pennington,* 9 F.3d at 1118 (reasoning that the defendant's history of crime, which resulted in a criminal history score of 26 points, although nonviolent, demonstrated a disrespect for the law and justified an upward departure); *United States v. Chappell*, 6 F.3d 1095, 1102 (5th Cir. 1993) (upholding district court's decision to depart upwardly because the defendant's criminal history score of 25 far

exceeded the minimum score of category VI and did not take into account several stale offenses).

With regard to the method of departure, we note that "when a district court intends to depart above Category VI, it should stay within the guidelines by considering sentencing ranges for higher base offense levels." *Lambert*, 984 F.2d at 663 (citing U.S.S.G. § 4A1.3). The application of this requirement need not be ritualistic or mechanical. *See, e.g.*, *United States v. Daughenbaugh,* 49 F.3d 171, 175 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 258 (1995) (holding that the district court's explanation was sufficient to satisfy *Lambert*'s requirements, where it had "considered all of the other offense levels up to a level 35" and concluded that level of sentencing was appropriate). However, even if the departure is reasonable, it is error for the court to calculate upward departures beyond category VI without consulting higher base offense levels and thus staying within the guidelines. *See United States v. Pennington*, 9 F.3d 1116, 1119 (5th Cir. 1993) (remanding for resentencing although the departure was reasonable because the district court used the wrong method of departure, apparently relying on the government's suggested, imaginary higher criminal history categories rather than on the guideline's higher base offense levels). The court in the instant case, like the court in *Pennington*, completely failed to mention base offense levels and appeared to erroneously extrapolate criminal history categories outside the guidelines to account for Shockey's excessive criminal history points. We conclude, however, that

although the court's method of departure was inappropriate, it could arrive at the same sentence that it imposed if the district court were to apply the method required by *Lambert*.  *See Ravitch*, 128 F.3d at 872.  Shockey has therefore failed to show plain error with respect to the method of departure.  We accordingly affirm the sentence imposed by the district court.

AFFIRMED.