United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHERYL YVONNE STONE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-292-2-SS
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Cheryl Yvonne Stone, convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e) by possessing a firearm as a convicted felon, appeals her sentence.

Stone argues that her prior burglary convictions do not qualify as the three prior convictions required under 18 U.S.C. § 924(e)(1). However, "Burglary of a Building" as defined at Texas Penal Code § 30.02 does substantially correspond to generic burglary as required by Taylor v. United States, 495 U.S. 575,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

602 (1990), for the sentencing enhancement under 18 U.S.C. § 924(e). United States v. Silva, 957 F.2d 157, 161-62 (5th Cir. 1992). As Stone's burglary offenses were separated by an intermediate period of non-criminal activity, they were correctly counted as separate offenses under 18 U.S.C. § 924(e)(1). United States v. Herbert, 860 F.2d 620, 622 (5th Cir. 1988).

Stone also argues that the district court erred by not reducing her offense level for acceptance of responsibility. Given the highly deferential standard of review, the district court's ruling cannot be seen as without foundation. Cf. United States v. Brace, 145 F.3d 247, 264-65 (5th Cir. 1998)(admission to facts of conduct insufficient to require reduction where some facet of culpability is denied).

Finally, Stone argues that the district court erred by declining to downwardly depart on the mistaken assumption that it lacked the authority to do so. Courts are permitted to consider various factors in imposing a sentence, including the "nature of the circumstances of the offense," "the need for the sentence imposed to reflect the seriousness of the offense," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(6).

The record does not clearly reveal whether the district court properly understood its discretion to depart. The district judge, at the resentencing hearing, characterized Stone's

sentence as "terribly inequitable" and "atrocious." The district judge, however, stated "I don't see any way around it in the state of the present law" and "my hands are tied." The Government argues that due to the history of this case, the district court should have been aware that it could downward depart.

In light of the ambiguity, we remand the case for reconsideration of the sentence. See United States v. Garcia-Ortiz, 310 F.3d 792, 795-96 (5th Cir. 2002). The only issue on remand is whether the district court recognized that it had the discretion to depart. If the district court was aware of its discretion but declined to exercise it, then the original sentence should stand. However, if the district court believed that it lacked the authority to depart, Stone should be resentenced with the district court's full awareness of its discretionary authority. We take no position on what decision the district court should make.

REMANDED FOR RECONSIDERATION OF SENTENCE.