United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41590

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROCKY MARCIANO ESQUIVEL,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-130-1

Before GARWOOD and JONES, Circuit Judges, and ZAINEY,[*] District
Judge .

PER CURIAM:[**]

Rocky Marciano Esquivel ("Esquivel") appeals the sentencing

---

[*]United States District Judge of the Eastern District of
Louisiana, sitting by designation.

[**]Pursuant to the 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

following his guilty plea conviction for escape. Esquivel argues that the district court erred when it concluded that it lacked authority to order that his sentence run concurrently with a not-yet-imposed state sentence following revocation of probation.

The district court's decision not to order a consecutive or concurrent sentence is reviewed for an abuse of discretion, *see United States v. Richardson*, 87 F.3d 706, 710 (5th Cir. 1996), and whether the district court properly applied the sentencing guidelines is review *de novo*. *Id*. In *United States v. Brown*, 920 F.2d 1212, 1216 (5th Cir. 1991), we held that: "Whether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)."

The Government does not dispute that the district court had the authority to order appellant's sentence to run concurrently with the not then imposed state sentence for revocation of probation. *See, e.g., Brown* at 1217; *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Butler*, No. 98-30255 (5th Cir. Feb. 4, 1999) (unpublished). The Government argues, however, that the district court was made aware of its authority in this respect by appellant's postsentencing motion and denied that motion in the proper exercise of its discretion.

Because the district court denied Esquivel's postsentencing motion without explanation, its rationale for the denial is

2

impossible to determine.[1]  In light of the ambiguity, we remand the case for reconsideration of the sentence.  *See United States v. Garcia-Ortiz*, 310 F.3d 792, 795-96 (5th Cir. 2002); *Butler; United States v. Stone*, No. 02-51221 (5th Cir. Aug. 8, 2002) (unpublished).  The only issue on remand is whether the district court recognized that it had the discretion to impose the current sentence, but refused to do so.  If the district court was aware of its discretion but determined that a consecutive sentence was appropriate, then the original sentence should stand.  However, if the district court believed that it lacked the authority to impose a concurrent sentence, Esquivel should be resentenced with the

---

[1]At the sentencing hearing, defense counsel requested that the court make its sentence concurrent with any sentence to be imposed on the then pending state revocation of probation.  The court responded "I can't do that.  I can't prospectively do that.  I'd like to because this looks like a mess.  And I'd like to give him lower than eighteen months [the bottom of the guideline range] actually . . . ."  The court then invited defense counsel to file something "if in the next ten days you can find out what's going on" and "[s]ee what's happening with the State stuff."  Defense counsel did so, filing a motion requesting that his federal sentence be made concurrent with his prospective state sentence.  The first part of this motion advised that the state had not yet revoked his probation.  The final part of the motion cited *Brown* and *Hernandez* as authority to make the federal sentence concurrent to the anticipated state sentence.  The motion recites that the Government opposed it, but does not indicate on what basis(no opposition was filed).  So far as the record reflects, the Government did not otherwise ever take a position on appellant's request, nor did the probation department.  We have been informed by the Government that on or about November 22, 2002, while this appeal was pending, appellant's state probation was revoked and he was sentenced to a period of confinement from which he was released to federal custody (to begin serving his instant federal sentence) on or about February 24, 2003.

district court's full awareness of its discretionary authority (which the Government does not dispute the district court would have on remand as here ordered).  We take no position on what decision the district court should make in respect to exercising its said discretionary authority.

REMANDED FOR RECONSIDERATION OF SENTENCE.