**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10241
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BENNY LAVERN COLLINS

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(3:92-CR-141-R)

December 21, 1995

Before REYNALDO G. GARZA, KING, and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Benny Collins was convicted of a Hobbs Act[1] robbery and of
using a firearm while committing that robbery.  He was sentenced to

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

[1]18 U.S.C. § 1951(a).

1

consecutive terms of 240 months for the robbery and 60 months for the firearm offense. At the time of sentencing, he was serving an 18 year sentence for other crimes he committed in California. The district court ordered that his federal sentence run consecutive to his California sentence. Collins argues that the district court erred in imposing the 240 month Hobbs Act robbery sentence to run consecutive to the California sentence.[2]

Collins argues that the district court erred in refusing to apply U.S.S.G. § 5G1.3(c)(policy statement), which he contends would have required the district court to impose the sentence to run concurrent with the California sentence. Although a district court has discretion to impose a sentence concurrently or consecutively, 18 U.S.C. § 3584(a), this circuit requires district courts to consider the applicable portions of the sentencing guidelines in exercising that discretion. *United States v. Krout*, 66 F.3d 1420, 1435 (5th Cir. 1995). In this case, the applicable Sentencing Guideline is U.S.S.G. § 5G1.3(c)(policy statement), which provides:

> . . . the sentence to the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

Application Note 3 to U.S.S.G. § 5G1.3(c)(policy statement) provides guidance in determining whether a consecutive or a concurrent sentence achieves a reasonable incremental punishment.

---

[2]Collins admits that, by statute, the 60 month firearms sentence must run consecutive to the 240 month Hobbs Act robbery sentence. *See* 18 U.S.C. § 924(c).

Application Note 3 provides:

> . . . the court should consider a reasonable incremental penalty to be a sentence that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the offenses been federal offenses for which sentences were being imposed at the same time.

The district court, using the methodology suggested by Application Note 3, determined that, had all the offenses been federal offenses for which sentences were being imposed at the same time, Collins would have received a 262 month sentence. However the district court declined to apply the Application Note 3 methodology, and imposed the sentence to run consecutively. This consecutive sentence, when combined with the California sentence, would result in Collins being incarcerated for considerably longer than 262 months.

Application Note 3's suggested methodology is advisory only. *United States v. Torrez*, 40 F.3d 84, 87 (5th Cir. 1994). The district court has the discretion to reject the suggested methodology, so long as it first considers the methodology's possible application in reaching a reasonable incremental punishment. *United States v. Hernandez*, 64 F.3d 179, 183 (5th Cir. 1995). If the district court declines to follow the suggested methodology, it must explain why it is doing so. *Id.* As long as it gives an adequate explanation, a district court is then free to impose a sentence that it believes provides an appropriate incremental punishment. *Id.*

In the instant case, the district court considered the suggested methodology's possible application, and then declined to

3

apply it.  The court explicitly stated its reason:  applying the methodology would unduly complicate and prolong the sentencing process.  The court also stated that the sentence was justified by "the nature of the offense . . . and because of the defendant's extensive criminal history."  Both of these reasons are adequate to justify the district court's rejection of Application Note 3's suggested methodology.

We therefore AFFIRM the district court.

AFFIRMED.