United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10104
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BELVIN GILMORE,

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-241-ALL-Y)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Belvin Gilmore appeals the sentence imposed after his guilty-plea conviction for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Gilmore contends that the district court erred in imposing his sentence by not explicitly considering the factors listed in 18 U.S.C. § 3553(a) and not explaining its reasoning for imposing a sentence to run consecutively to, rather than concurrently with, any sentence imposed following a Colorado state parole revocation. Gilmore did not raise these objections at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentencing hearing.  Therefore, we review only for plain error. *United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000), *cert. denied*, 531 U.S. 1097.  This court may correct forfeited errors only when a clear or obvious error affected substantial rights.  *United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000), *cert. denied*, 531 U.S. 909.  If these factors are satisfied, we retain discretion whether to correct the plain error. *Id.*

A court's implicit consideration of the factors in 18 U.S.C. § 3553(a) is sufficient.  *United States v. Richardson*, 87 F.3d 706, 711 (5th Cir. 1996).  Although the district court did not expressly refer to 18 U.S.C. § 3553(a), the record indicates that it implicitly considered the first two § 3553(a) factors when it considered (1) Gilmore's criminal history and characteristics and (2) the need for deterrence, protection of the public from further crimes, and promotion of respect for the law.  The Presentence Investigation Report also advised the district court of the kinds of sentences available, the types of sentences and sentencing range, and any applicable policy statements in Chapter 7 of the Sentencing Guidelines.  The district court was therefore aware of these factors and is presumed to have considered them.  *See Izaguirre-Losoya*, 219 F.3d at 439-40.

Likewise, Gilmore has not shown that the district court plainly erred in not giving further reasons for its decision to

impose a consecutive sentence.  *See **United States v. Gonzalez***, 250 F.3d 923, 930-31 (5th Cir. 2001).  He does not show that, in the light of the district court's discretion, it, *inter alia*, committed a clear or obvious error by imposing a consecutive sentence, given Gilmore's criminal background.  *See **Izaguirre-Losoya***, 219 F.3d at 441-42.

Gilmore also maintains the district court improperly sentenced him based on facts not admitted or found by a jury, in violation of ***Blakely v. Washington***, ___ U.S. ___, 124 S. Ct. 2531 (2004).  This contention is foreclosed by ***United States v. Pineiro***, 377 F.3d 464 (5th Cir. 2004), *petition for cert. filed*, (14 July 2004).

**AFFIRMED**