# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-10613
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 26, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHAN LAMAR JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-175-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nathan Lamar Jones appeals from his conviction by guilty plea of bank robbery, for which he received a sentence of 235 months of imprisonment. Jones's sentence was the result of an upward departure from the 151-181 month guideline sentencing range applicable to a level-29, category-VI offender. Jones contends on appeal that the district court erroneously calculated his offense level due to its grouping calculations. He further argues that the de novo standard of review applies to the district court's error. The Government contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error standard of review applies and that Jones cannot demonstrate reversible plain error.

Jones was convicted on one count of bank robbery, and he stipulated to the facts establishing four other robberies. For sentencing purposes, the probation officer treated the stipulated offenses as if Jones had been convicted of them. *See* U.S.S.G. § 1B1.2(c). Pursuant to § 3D1.4, the probation officer assigned one unit to the count of conviction and one unit for each of the stipulated offenses. The probation officer assigned a total of five units, then added five levels to the highest base offense level applicable to any of the single robberies. Jones objected to a firearm adjustment to the offense level for one of the robberies. In response, the probation officer discussed the objection and recommended that it be rejected. The probation officer informed the district court what the offense level would be were the district court to agree with the objection. The probation officer also recalculated the grouping of Jones's robberies, correctly assigning a total of four levels for Jones's five robberies. *See* § 3D1.4. The change in the recalculation was not mentioned or discussed, however, and the only indication that a change was made was the calculation itself.

The district court overruled Jones's objections to his presentence report (PSR) and adopted the findings of fact and statements of law in the PSR, "subject to and including changes and qualifications made by the addendum." Had the grouping recalculation been maintained, Jones's offense level would have been 28, and his guideline sentencing range would have been 140-175 months of imprisonment. The district court, however, determined that the offense level was 29 and that the sentencing range was 151-181 months. The district court departed to level 31 after finding that the level 29 sentencing range substantially underrepresented the likelihood that Jones would commit other crimes. Jones's 235-month sentence was the highest sentence within the level-31, category-VI range of 188-235 months. The district court stated that the 235-month sentence was "necessary to achieve the Court's objectives of punishment

[and] protection of the public and in order to comply with the directives of 18 United States Code, Section 3553(a)."

A district court must be put on notice of a defendant's objections so it may have an opportunity to correct them. *United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). An objection must be raised with sufficient specificity to alert the district court to the issue before it. *See United States v. Hernandez,* 64 F.3d 179, 181 (5th Cir. 1995); *see also FDIC v. Mijalis,* 15 F.3d 1314, 1327 (5th Cir. 1994) ("if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court."). The record indicates that nobody--not the probation officer, the Government, or Jones--actively brought the grouping issue to the district court's attention. The district court evidently was unaware that the probation officer had performed new grouping calculations, as is shown by the departure from level 29 instead of the correct level 28. Had the district court been alerted to the fact that the recalculated offense level included a different grouping calculation than the initially calculated offense level, the district court could have addressed the issue explicitly and employed the correctly calculated offense level. Jones's appellate contention thus is reviewed under the plain error standard. *See Hernandez,* 64 F.3d at181; *Mijalis,* 15 F.3d at 1327.

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Under plain error review, Jones must demonstrate that the grouping miscalculation affected the sentence he received; he must "demonstrate a probability sufficient to undermine confidence in the outcome." *United States v. Akpan,* 407 F.3d 360, 377-78 (5th Cir. 2005) (internal quotation marks and citation omitted).

The district court's comments suggest that it would have departed to level 31 and a sentence of 235 months even if it had started its departure from level 28.  Jones has not shown a reasonable probability that his sentence would have been different had the district court departed from the correct guideline sentencing range, and he therefore has failed to demonstrate that the district court's error affected his substantial rights.  *See Akpan,* 407 F.3d at 377-78.

AFFIRMED.