# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50783
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOMINIC HOWARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-114-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges

PER CURIAM:[*]

Dominic Howard pleaded guilty to distribution of child pornography. He was sentenced to a 120-month term of imprisonment. Howard appeals, raising several challenges to his sentence.

As a preliminary matter, although the district court orally referred to its sentence as an upward departure, the written Statement of Reasons (SOR) indicates that the sentence was an upward variance. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006).  We resolve the ambiguity by concluding that the sentence should be considered an upward variance based on a consideration of the entire record, including particularly the district court's reference to the sentencing factors of 18 U.S.C. § 3553(a) rather than § 3553(b), and the district court's focus on the offense conduct.  *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

Howard argues that the district court's written explanation was insufficient.  To the extent he contends that the district court failed to comply with U.S.S.G. § 4A1.3(c)(1), p.s., his argument fails because that provision applies only to departures based on the inadequacy of a defendant's criminal history category; it therefore is inapplicable here because the district court imposed a variance.  *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).  Further, although the district court might have been more specific in its written SOR, the district court gave clear statements at sentencing regarding the "explicit" and "threatening" nature of Howard's offense conduct and adopted the Presentence Report (PSR), which set forth the details of the offense conduct and noted that an upward variance might be warranted.  Therefore, Howard's challenge to the sufficiency of the written reasons under § 3553(c) fails.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348-49 (5th Cir. 2006).

Because Howard's general objection to the reasonableness of his sentence was not sufficiently specific, plain error review applies to his Sixth Amendment challenge.  *See United States v. Hernandez*, 64 F.3d 179, 181 (5th Cir. 1995).  In any event, because the Sentencing Guidelines are advisory only following *United States v. Booker*, 543 U.S. 220 (2005), Howard fails to show any error at all, let alone plain error, as to his Sixth Amendment claim.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

No. 18-50783

Finally, Howard contends that his sentence is unreasonable. In conjunction with this argument, he asserts that the Government did not prove the facts underlying his sentence by a preponderance of the evidence, and he contends that the district court abused its discretion by basing its sentence on such facts.

Because Howard presented no rebuttal evidence, the information in the PSR was presumed to be reliable and the district court did not err in adopting it. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). We have affirmed similar or greater upward variances or departures based on the § 3553(a) factors. *See, e.g., United States v. Hebert*, 813 F.3d 551, 562-63 (5th Cir. 2015) (affirming upward variance to 92 years from a guidelines sentence of "six to seven years"); *United States v. Brantley*, 537 F.3d 347, 348 (5th Cir. 2008) (upholding an upward departure or variance to 180 months where the maximum guidelines sentence was 51 months); *United States v. Smith*, 417 F.3d 483, 491-93 (5th Cir. 2005) (upholding a 120-month upward departure sentence where the maximum guidelines sentence was 41 months). Howard has not shown that the district court abused its discretion and imposed a substantively unreasonable sentence. *See Smith*, 440 F.3d at 707-08.

AFFIRMED.