IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 93-9065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEMENTE TORREZ,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Texas

(December 1, 1994)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

The sole issue before the court on this appeal is whether the district court committed plain error by failing to consider whether, under Section 5G1.3 of the United States Sentencing Guidelines (U.S.S.G.), Torrez' sentence for the instant offense should be served concurrent to an undischarged state sentence. We find no plain error, and therefore AFFIRM.

I. FACTS

Clemente Torrez and seven others were named in a thirty-eight count indictment for conspiring to make false claims

against the government.  The indictment charged Torrez with one count of conspiring to defraud the Internal Revenue Service (IRS) by filing fraudulent claims for income tax refunds in violation of 18 U.S.C. § 286, and nine additional counts of making false claims against the government in violation of 18 U.S.C. §§ 2 and 287.

At the time of his arraignment in federal court, Torrez was serving an undischarged term of imprisonment in the custody of the Texas Department of Corrections.  In 1991, Torrez was convicted in two cases of possession of large quantities of marihuana for which he received concurrent probated sentences of ten years.  On May 24, 1993, Torrez's probation was revoked and the ten year sentences were reduced to concurrent sentences of six years.  In addition, Torrez was convicted of driving while intoxicated and indecency with a child for which he received two more concurrent six-year sentences.  Torrez appeared in federal court on a writ of habeas corpus issued by the U.S. District Court for the Northern District of Texas.  During the pendency of the federal proceedings, Torrez was in the custody of the U.S. Marshal.

Pursuant to a plea agreement with the Government, Torrez entered a guilty plea to the conspiracy count and the Government dismissed the remaining charges.  The district court sentenced Torrez to 60 months in prison.  The court also sentenced Torrez to three years of supervised release, ordered Torrez to make

restitution in the amount of $10,000, and imposed a $50 special assessment.

The defendant, through counsel, submitted objections to the application of certain provisions of the sentencing guidelines as proposed by the presentence investigation report (PSR). However, the defendant did not object to the district court's failure to consider whether the sentence it imposed would be served concurrent with or consecutive to the undischarged term of imprisonment. There was no suggestion in the PSR and no argument at sentencing that the sentence should be imposed concurrently under Section 5G1.3. Thus, the judgment entered by the district court did not address this aspect of the sentence imposed. Under these circumstances, the sentence is deemed to be imposed consecutively to the state sentences. *See* 18 U.S.C. § 3184. Torrez timely filed a notice of appeal.

## II. DISCUSSION

Torrez contends that the district court erred by failing to consider whether his federal sentence should have been imposed consecutively, or concurrently, to an undischarged term of imprisonment he received in state court when his parole was revoked. Torrez did not object to the district court's failure to apply § 5G1.3, either in the Presentence Report (PSR) or at sentencing. Parties are required to challenge errors in the district court. When a defendant in a criminal case has forfeited an error by failing to object, this Court will remedy

the error only in the most exceptional case. *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). The Supreme Court has directed the courts of appeal to determine whether a case is exceptional by using a two-part analysis. *United States v. Olano*, ___ U.S. ___, 113 S. Ct. 1770, 1777-79, 123 L. Ed. 2d 508 (1993).

First, an appellant who raises an issue for the first time on appeal has the burden to show that there is actually an error, that it is plain ("clear" or "obvious"), and that it affects substantial rights. *Olano*, 113 S. Ct. at 1777-78; *Rodriguez*, 15 F.3d at 414-15; FED. R. CRIM. P. 52(b). This Court lacks the authority to relieve an appellant of this burden. *Olano*, 113 S. Ct. at 1781.

Second, the Supreme Court has directed that, even when the appellant carries his burden, "Rule 52(b) is permissive, not mandatory. "If the forfeited error is `plain' and `affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so." *Olano*, 113 S. Ct. at 1778 (quoting FED. R. CRIM. P. 52(b)). As the Court stated in *Olano*:

> the standard that should guide the exercise of [this] remedial discretion under Rule 52(b) was articulated in *United States v. Atkinson*, [297 U.S. 157] (1936). The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*Olano*, 113 S. Ct. at 1779 (quoting *Atkinson*, 297 U.S. at 160).

4

Guideline section 5G1.3(c) provides that, in any case other than those covered under subsections (a) and (b),[1] "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense."  U.S.S.G. § 5G1.3(c) (policy statement).

The commentary to section 5G1.3, application note 3, provides guidance for the district court in applying subsection (c):

> In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required.  To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under §5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

The record does not reflect that the district court considered this provision or the methodology suggested by the commentary, and Torrez argues that the district court's failure to address the appropriate considerations constitutes plain error under the standard enunciated by this Court in *Rodriguez*.

---

1.    Subsection (a) applies where the defendant committed the instant offense while serving an undischarged term of imprisonment and subsection (b) applies where the conduct resulting in the undischarged term of imprisonment has been taken into account under the relevant conduct provision in determining the offense level for the instant offense.  Neither applied in the present case.

The district court's failure to consider or apply § 5G1.3 was an error under the *Olano* standard. As defined in *Olano*: "[D]eviation from a legal rule is `error' unless the rule has been waived." *Olano*, 113 S. Ct. at 1777. In *United States v. Miller*, 903 F.2d 341, 347 (5th Cir. 1990), this Court held that 18 U.S.C. § 3584(a) requires the district court to consider the guidelines when determining whether to impose consecutive or concurrent sentences. See also *United States v. Parks*, 924 F.2d 68, 72 (5th Cir. 1991) ("Congress, however, does require that district courts consider the Guidelines and policy statements issued by the Sentencing Commission when considering whether Guideline sentences should run concurrently or consecutively.").

Therefore, the district court's failure to consider the guideline rules regarding concurrent and consecutive sentences was an error. The error was also clear and obvious: Torrez' state convictions and sentences were part of the record and the PSR, clearly raising questions concerning the imposition of concurrent or consecutive sentences.

"Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the `affecting substantial rights' prong of Rule 52(b)." *Olano*, 113 S. Ct. at 1778. The defendant attempts to show prejudice in this case by computing the "approximate total punishment" he would have received had all his offenses been federal offenses for which he was sentenced at the same time, as described in the commentary to section 5G1.3.

6

However, the defendant's argument is not persuasive. Section 5G1.3 (c) expressly contemplates the imposition of consecutive sentences: "the sentence for the instant offense *shall* be imposed to run *consecutively* . . . to the extent necessary to achieve a reasonable incremental punishment for the instant offense. This language clearly allows the district court the discretion to determine the "incremental punishment" appropriate.

In addition, the methodology proposed by note 3 is permissive only. The specific formula cited by the defendant is conspicuously preceded by the language "[t]o the extent practicable, the court *should consider* . . . ." This language denotes merely one possible manner of determining the appropriate incremental penalty. Thus, even if the district court had considered this provision, it would have been free to decline to follow the suggested methodology. *See United States v. Redman*, 35 F.3d 437 (9th Cir. 1994). In other words, the district court would not have violated this provision if it had considered it and then determined that imposing the sentence consecutively provided the appropriate incremental punishment.

It is also worth noting that imposing a consecutive sentence under section 5G1.3(c) in the present case would have been consistent with the policy expressed in section 7B1.3, which applies when a defendant's term of federal probation or supervised release is revoked. *See United States v. Glasener*,

7

981 F.2d 973 (8th Cir. 1992). Subsection (f) of that policy

statement provides that

> [a]ny term of imprisonment imposed upon the revocation of
> probation or supervised release shall be ordered to be
> served consecutively to any sentence of imprisonment that
> the defendant is serving, whether or not the sentence of
> imprisonment being served resulted from the conduct that is
> the basis of the revocation of probation or supervised
> release.

Although section 7B1.3 is not applicable, it illustrates that the

imposition of a consecutive sentence under 5G1.3 would have been

entirely appropriate in the present case.[2]

Considering that the defendant's multiple state sentences

were all imposed to run concurrently, and that the calculation

called for under application note 3 would result in no

significant "incremental penalty" for the defendant, we think it

entirely likely that the district court would impose consecutive

sentences expressly upon remand. Under these circumstances, we

hold that the defendant has not made a sufficient showing of

prejudice. Since we find that the defendant has not met this

---

2. The government points to application note 4 under section 5G1.3, which mandates a consecutive sentence in cases where, as here, "the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked." U.S.S.G. § 5G1.3, app. note 4.

We cannot accept the government's contention that this provision requires that the instant sentence be imposed consecutively. Although the facts of the instant case fit precisely into the scenario contemplated by application note 4, Torrez was sentenced on October 29, 1993. Thus, the November 1992 edition of the guidelines was in effect at the time. *See United States v. Gonzales*, 988 F.2d 16, 18 (5th Cir.), *cert. denied*, 114 S. Ct. 170 (1993); *see also* U.S.S.G. § 1B1.11(a). Application note 4 was added to the guidelines effective November 1, 1993, and therefore could not have been applied at the time Torrez was sentenced.

burden, we do not address whether the error in the present case is the type that seriously affects the "fairness, integrity or public reputation of judicial proceedings."

## III. CONCLUSION

For the reasons stated above, the sentence imposed by the district court is AFFIRMED.