IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10057
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN MIGUEL BUCKNER,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - -
February 6, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Ruben Miguel Buckner appeals his sentence for failure to appear for sentencing, in violation of 18 U.S.C. § 3146(a)(1). He argues that the district court erred in calculating the appropriate incremental sentence under U.S.S.G. § 5G1.3(c), that the court erred in enhancing his offense level under § 3A1.2 by considering conduct for which he had been acquitted, and that the court erred in awarding a two-level increase under § 3C1.1 for his refusal to continue cross-examination.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court did not reversibly err in calculating the applicable guideline range. See United States v. Torrez, 40 F.3d 84, 86-87 (5th Cir. 1994). The district court did not err in awarding a three-level enhancement under § 3A1.2 based on conduct for which Buckner was acquitted. See United States v. Juarez-Ortega, 866 F.2d 747, 749 (5th Cir. 1989). Any argument that the district court erred in awarding a two-level enhancement under § 3C1.1 for obstruction of justice because Buckner refused to continue cross-examination was harmless because the enhancement was also made for Buckner's failure to appear for sentencing. See Williams v. United States, 503 U.S. 193, 203 (1992); United States v. Cabral-Castillo, 35 F.3d 182, 188 (5th Cir. 1994), cert. denied, 115 S. Ct. 1157 (1995).

AFFIRMED.