F I L E D
United States Court of Appeals
Tenth Circuit

MAY 26 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES SIMPSON
CHRISTOPHER,

     Defendant-Appellant.

No. 99-1323
(D.C. No. 98-CR-162-WM)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Charles Christopher appeals his sentence for conspiracy to commit wire and securities fraud. He was indicted on twelve counts in the District of Colorado,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and pled guilty to one. At the time of his indictment and plea he was serving a 121 month federal sentence for insurance-related wire fraud imposed by the United States District Court for the District of Rhode Island. This sentence reflected an upward departure of 75 months due to the high amount of loss (almost $27 million) caused by the insurance scheme. Mr. Christopher appeals the Colorado district court's application of the sentencing guidelines, which resulted in a 17 month consecutive sentence. We review a district court's application of the sentencing guidelines de novo. *See United States v. Roberts*, 185 F.3d 1125, 1144 (10th Cir. 1999).

At sentencing, the district court applied United States Sentencing Guideline (U.S.S.G.) § 5G1.3(c), which governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.[1] Section 5G1.3(c) directs the court to impose a consecutive sentence "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c). The commentary further provides that

> [t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of

---

[1]The presentence report calculated Mr. Christopher's sentence using the 1998 version of the sentencing guidelines. Mr. Christopher objected, pointing out that the offense occurred between 1991 and 1994 and arguing the 1994 version of the guidelines should therefore be applied. The district court agreed and that issue is not before us.

> imprisonment that approximates the total punishment that would have been imposed . . . had all of the offenses been federal offenses for which sentences were being imposed at the same time.

U.S.S.G. § 5G1.3(c), comment. (n.3). Mr. Christopher asserts the district court erred by failing to follow this suggested methodology.

In determining Mr. Christopher's sentence, the court first employed the grouping methodology found in U.S.S.G. § 3D1.2 and determined Mr. Christopher's combined offense level for the Rhode Island fraud and the instant offense to be a level 26, with a sentencing range of 63 to 78 months. The court then determined the sentencing range on the Rhode Island conviction *without the departure* to be 46 to 57 months. The court subtracted the low end of the range for the Rhode Island offense (46) from the low end of the range for the combined offenses (63) to arrive at 17 months, which the court concluded represented a reasonable incremental punishment and thus the extent to which a consecutive sentence was necessary. Accordingly, the court imposed a 46 month sentence, with 29 months to run concurrently with the undischarged term of imprisonment and 17 months to run consecutively. Mr. Christopher contends the guidelines prohibit this method because it does not take into account the 75 month upward departure imposed as part of the first sentence. He argues that this increased sentence precludes the court here from imposing any consecutive sentence. We disagree.

-3-

In *United States v. Johnson*, 40 F.3d 1079, 1083 (10th Cir. 1994), we recognized that the sentencing commission anticipated instances where it will be impracticable to fully apply the methodology of § 5G1.3(c). Consequently, the calculations required should only be undertaken "to the extent practicable" and should not "be applied in a manner that unduly complicates or prolongs the sentencing process." U.S.S.G. § 5G1.3(c), comment. (n.3). "[I]f a district court departs from the analysis required by § 5G1.3(c), it must explain its rationale for doing so." *Johnson*, 40 F.3d at 1083. *See also United States v. Redman*, 35 F.3d 437, 441 (9th Cir. 1994) ("If the court demonstrates that it has considered the commentary's methodology and states a valid reason for employing a different one, we will not review its discretionary decision to impose a consecutive sentence for the purpose of achieving a 'reasonable incremental penalty.'"); *United States v. Torrez*, 40 F.3d 84, 87 (5th Cir.1994) ("[T]he methodology proposed by note 3 is permissive only.").

Contrary to Mr. Christopher's contention, the illustrations given after application note 3 do not cover the situation we have here, where a defendant was given a significant upward departure in his first sentence. The district court was thus left with little guidance on how to proceed in light of the "additional sentencing circumstance" of the Rhode Island court's upward departure. *App.* at 181. Had the court performed the calculation using the enhanced Rhode Island

sentence, no additional incremental sentence would have been appropriate unless Mr. Christopher had committed a much more serious offense here.[2]  In essence, then, the Rhode Island court's departure would give Mr. Christopher "license" to commit subsequent offenses and "incur losses up to a significant amount of dollars" penalty-free.  *Id.* at 182.  The district court did not agree with this potential outcome and believed some consecutive time was necessary to achieve a reasonable incremental punishment for the instant offense.  *See id.* at 183.  Consequently, it attempted to adhere as closely as it could to the methodology of § 5G1.3(c) while still reaching an appropriate result.  Because this scenario is not explicitly discussed in the illustrations to application note 3, and because the district court addressed and justified it reasons for proceeding as it did, *see Johnson*, 40 F.3d at 1083, we are not persuaded the court erred.

Mr. Christopher also contends the district court erred in grouping the two fraud offenses together under U.S.S.G. § 3D1.2.  He maintains the court should have looked to section 3D1.4, which would have resulted in his receiving a lower

---

[2]The district court's logic was as follows: If the court were to include the additional 75 months in its § 5G1.3(c) analysis, the sentence for the Rhode Island fraud would be far greater than the total punishment for both frauds, which is calculated using the grouping methodology of § 3D1.2.  By this reasoning, the Rhode Island court's decision to upwardly depart would have the effect of shielding Mr. Christopher from punishment for his Colorado offenses.  Indeed, any court's decision to upwardly depart would substantially insulate a defendant from punishment on future similar offenses.  *See* App. at 182-83.

combined offense level. The plain language of the guideline indicates that Mr. Christopher is incorrect. Section 3D1.2(d) specifically includes fraud offenses under section 2F1.1. Because both of Mr. Christopher's offenses were fraud offenses, section 3D1.2 applies. *See United States v. Marsanico*, 61 F.3d 666, 668 (8th Cir. 1995).

The judgment of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge