IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40868
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL JERMAINE BRADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 6:00-CR-4-11

_____

April 9, 2001

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Paul Jermaine Bradley pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He appeals his sentence, arguing that the district court erred by considering testimony given by Sonya Ray, a codefendant, at a trial to which he was not a party, in assessing the testimony given by Ray at Bradley's sentencing hearing. He contends that this violated his right to due process and created the appearance of judicial impropriety.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bradley did not raise these issues before the district court. Therefore, we review his sentence for plain error. See FED. R. CRIM. P. 52(b); United States v. Torres, 40 F.3d 84, 86 (5th Cir. 1994). To the extent that the district court relied on Ray's prior testimony in a codefendant's trial, it considered only testimony that was consistent with that given by Ray at Bradley's sentencing hearing and it referenced this testimony only with respect to assessing Ray's credibility. This evidence had sufficient indicia of reliability as required by U.S.S.G. § 6A1.3, and Bradley had an adequate opportunity to cross-examine Ray and to rebut her assertions. Because Bradley has not established plain error, we AFFIRM his sentence. See United States v. Morris, 46 F.3d 410 (5th Cir. 1995); United States v. Ramirez, 963 F.2d 693 (5th Cir. 1992).

A F F I R M E D.