United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11364
c/w No. 02-10704
c/w No. 02-10975

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MORRIS RISBY,

Defendant-Appellant,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-442-1-R

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, William Morris Risby challenges his convictions and 78-month sentence for conspiracy to commit mail fraud and mail fraud, the denial of his motion for the return of his property pursuant to FED. R. CRIM. P. 41(e) (presently FED R. CRIM. P. 41(g)), and the denial of appointed counsel at his sentencing hearing. After reviewing the record and the arguments of counsel, the judgment and the rulings of the district court are **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Risby first asserts that his trial counsel rendered ineffective assistance by failing to object to the district court's omission of a requested jury instruction regarding the suspect nature of informer-accomplice testimony. As a general rule, this court will decline to review Sixth Amendment claims of ineffective assistance of counsel on direct appeal unless they were adequately raised in the district court. See, e.g., United States v. Higdon, 832 F.2d 312, 313, 314 (5th Cir. 1987). An exception to this general rule is made only if the record is sufficiently developed with respect to the merits of the claim. United States v. McCaskey, 9 F.3d 368, 381 (5th Cir. 1993). Here, the record has not been adequately developed to consider this ineffective-assistance claim on direct appeal.[1]

Risby asserts that the district court misapplied U.S.S.G. § 5G1.3(c) by not articulating the factors set forth in 18 U.S.C. § 3553(a) before ordering his sentence to run consecutively to his previous undischarged federal sentence. Risby made a general objection to the fact that the sentence was imposed consecutively. When a defendant does not object to the district court's failure to explain the reason for its imposition of the sentence, as required under § 3553(a), the review on appeal is for plain error. United

---

[1] Risby's assertion that the trial court committed plain error by not reading to the jury the instruction he requested was raised for the first time in his reply brief. This Court will not consider a new claim raised for the first time in an appellate reply brief. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

States v. Krout, 66 F.3d 1420, 1433-34 (5th Cir. 1995). If the court did err in failing to consider the factors set forth in section 3553(a), Risby has failed to show prejudice to his substantial rights. See United States v. Torrez, 40 F.3d 84, 87-88 (5th Cir. 1994). There was no plain error.

Risby contends that the district court erred in refusing to appoint him counsel at sentencing. A defendant who persistently and unreasonably demands the dismissal of counsel and the appointment of new counsel will be deemed to have knowingly and voluntarily waived the right to appointed counsel. United States v. Moore, 706 F.2d 538, 540 (5th Cir. 1983). In light of Risby's history of refusing to work with four previous attorneys and his insistence upon directing trial strategy, his demands for new counsel were "persistent" and "unreasonable," constituting a "knowing and voluntary waiver of counsel." Id.

In a supplemental brief, Risby argues that his Sixth Amendment right to a jury trial was violated when the trial judge increased his sentencing range based on facts that were not found by a jury beyond a reasonable doubt. Risby concedes that this argument is foreclosed by circuit precedent, see United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), petition for cert. filed (July 14, 2004) (No. 04-5263), but seeks to preserve it for further review.

Finally, Risby asserts that the district court erred in denying his motion for return of property pursuant to FEDERAL RULE OF

CRIMINAL PROCEDURE 41(e). On June 16, 1998, Risby produced numerous documents pertaining to the Therapy and Rehabilitation Centers of Dallas, Inc. (TRCD), as required by a federal grand jury subpoena. Following his conviction, Risby moved to order the government to return these records, and the district court denied this motion. In response to this court's inquiry at oral argument, the government has mooted this claim by returning all the TRCD records obtained by the grand jury. The government additionally affirms that it no longer possesses any of Risby's records.

**AFFIRMED.**