**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 22, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1481

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CR-200 |
| | |
| DEMETRIUS S. PARTEE, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

---

[*]After examining the briefs and the records, we have determined that oral argument is unnecessary. The appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2)(B).

No. 08-3546

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-CR-68-C-01 |
| | |
| RITCHIE E. BUFFORD, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Chief Judge.* |

No. 09-1673

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CR-201 |
| | |
| OSCAR A. RASH, | C. N. Clevert, Jr., |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

We have consolidated for decision these three appeals because they all raise the same issue: whether fleeing an officer in violation of Wisconsin Statute § 346.04(3) constitutes a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924, or a "crime of violence" under the career offender guidelines, *see* U.S.S.G. § 4B1.1. The term "violent felony" under the ACCA and "crime of violence" under the career offender guidelines are nearly identical, and we apply the same interpretation to both provisions when determining whether a prior conviction triggers increased penalties. *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008); *United States v. Spells*, 537 F.3d 743, 749 n.1 (7th Cir. 2008); *United States v. Rosas*, 410 F.3d 332, 335-36 (7th Cir. 2005). Here Demetrius Partee's and Oscar Rash's prior convictions for fleeing an officer (when added to convictions for serious drug offenses and a violent felony) triggered 15-year mandatory minimum sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Ritchie Bufford's prior conviction for fleeing an officer was treated as a "crime of violence" for purposes of the career offender guideline, *see* §§ 4B1.1-1.2, and he was eventually sentenced to 200 months' imprisonment. We affirm all three sentences.

The Wisconsin statute at issue here makes it unlawful to use a vehicle to knowingly flee or elude a police officer by willfully and wantonly disregarding the officer's signal so

that one endangers the police, pedestrians, or other vehicles; or by speeding away in the vehicle or extinguishing its lights.  WIS. STAT. § 346.04(3).  The Armed Career Criminal Act defines a "violent felony," and the sentencing guidelines define a "crime of violence," to include  "burglary, arson, or extortion, [or a crime that] involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  *See* U.S.S.G. § 4B1.2(a)(2).  In *Begay v. United States*, 128 S. Ct. 1581, 1586-87 (2008), the Supreme Court construed such crimes to involve "purposeful, violent, and aggressive conduct."

Defendants argue that the Wisconsin statute does not require "purposeful" conduct.  They contend that "purposeful" requires intent, and claim that the statute requires only reckless, but not intentional conduct.  This argument, however, is foreclosed by our recent opinion in *United States v. Dismuke*, 593 F3d. 582, 2010 WL 292671 (7th Cir. 2010), which issued after briefing in these cases had finished.  In *Dismuke,* which directly addressed § 346.04(3) under the ACCA, we observed that vehicular flight easily satisfied *Begay's* "purposeful" requirement because the statute requires that one "*knowingly* flee or attempt to elude."  *Dismuke,* 2020 WL 292671, at *8.

Defendants also argue that the conduct prohibited by the statute is not "violent" or "aggressive" because, they contend, the act of using a vehicle to flee an officer does not inherently involve violence or aggression.  This argument is also foreclosed by *Dismuke*.  There we examined "whether fleeing is 'violent' in the way required by *Begay*" and concluded that it was.  *Dismuke*, 2020 WL 292671, at *9 ("We . . . hold that Wisconsin's crime of vehicular fleeing involves conduct that is similarly 'violent and aggressive' to burglary, arson, extortion, or crimes that involve the use of explosives.").[1]

AFFIRMED.

---

[1]We note as an aside, should there be any doubt as to the violent nature of vehicular flight, that on March 1, 2010, a woman in Milwaukee was killed when she was hit by a van being pursued by police—becoming the fourth person in two months to be killed by a driver fleeing Milwaukee police.  Jesse Garza, *Milwaukee woman killed by van fleeing police*, MILWAUKEE JOURNAL SENTINEL, Mar. 2, 2010, *available at* 2010 WLNR 4319589.