# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 09-50320
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRED ANDREW RAMOS, also known as Freddie Andrew Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-174-1

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fred Andrew Ramos appeals the 300-month, within-guidelines sentence imposed after he pleaded guilty to one count of possession with intent to distribute crack cocaine, one count of possession of a firearm in furtherance of a drug trafficking crime, and two counts of possession of a firearm by a convicted felon.

In written objections and again at the sentencing hearing, Ramos argued that his two prior convictions in Texas for evading arrest in a motor vehicle did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not constitute a crime of violence ("COV") supporting the application of an enhancement of his sentence. Although Ramos challenges the district court's treatment of his prior Texas convictions as COV within the meaning of U.S.S.G. § 4B1.2, he acknowledges that his argument is foreclosed under our case law and raises the issue only to preserve it for further review. *See United States v. Harrimon*, 568 F.3d 531, 535 (5th Cir. 2009) (holding that the Texas crime of evading arrest by use of a motor vehicle is a COV, because the crime is purposeful, violent, and aggressive). Ramos therefore concedes that under this court's case law the district court did not err in applying the enhancement.

Ramos next argues that his sentence is procedurally unreasonable because the district court failed to explain its reasons for the within-guidelines sentence or for denying his nonfrivolous arguments for a below-guideline sentence as required by 18 U.S.C. § 3553(c). A district court's explanation for its imposition of a particular sentence "allow[s] for meaningful appellate review . . . and promote[s] the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). A sentence within the guidelines range will require "little explanation," *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), but where a party "presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007).

The parties dispute whether Ramos preserved this claim. If Ramos failed to preserve his claim, then review would be for plain error, in which case he would have to show that an obvious error by the district court affects his substantial rights. *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he made such a showing, we would have the discretion to correct the error but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429. On the other hand, if Ramos preserved his claim and the plain error standard were not applicable, then this court would need to consider whether the error was

harmless or required remand. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (discussing harmlessness with respect to errors that might have affected the district court's selection of sentence, but not addressing the harm that might affect this court's ability to review the substantive reasonableness of a sentence).

After the district court announced Ramos's sentence, the following exchange occurred between Ramos's attorney, Mr. Schwieger, and the court:

| | |
|---|---|
| MR. SCHWIEGER: | And as I'm required to do by the Fifth Circuit, Your Honor, I would object to the reasonableness of the sentence in this matter. |
| THE COURT: | You're not required to do that by the Fifth Circuit, but you're welcome to anyway. |
| MR. SCHWIEGER: | Actually, I have to preserve error. Otherwise they review it under plain error, Your Honor. |
| THE COURT: | That is incorrect. You may be excused. |
| MR. SCHWIEGER: | Thank you, Your Honor. I'm assuming that's overruled? Or my objection? |
| THE COURT: | There's nothing to rule on. You just made a statement. |
| MR. SCHWIEGER: | Thank you, Your Honor. |

We agree with the government that Ramos's objection failed to preserve his procedural claim of error. For an objection to be adequate, a party must raise the objection with sufficient specificity so that the district court is alerted to the issue before it. *See United States v. Hernandez,* 64 F.3d 179, 181 (5th Cir. 1995) (per curiam). If the defendant has failed to object on specific grounds to the reasonableness of his sentence, thereby denying the court the opportunity to

identify and correct any errors, we review for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

Although Ramos's attorney made a general objection expressing some level of disagreement with the reasonableness of the sentence, this objection was too vague to place the district court on notice of the issue he now raises. All that Ramos's attorney stated was that he "object[ed] to the reasonableness of the sentence in this matter." A district court hearing this statement would not reasonably discern from it that the defendant wanted further explanation of the sentence or its reasons for denying his nonfrivolous arguments for a below-guideline sentence. To be sure, Ramos was not required to state the issue as clearly as appellate counsel has or, for that matter, even to cite to § 3553(c) in order to preserve the issue for appeal. *See* 3B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 842 (2d ed. 2004) ("The general rule requiring counsel to make clear to the trial court what action they wish taken should not be applied in a ritualistic fashion."); *see also Hernandez*, 64 F.3d at 181. But absent any statement that the district court could have reasonably interpreted as arguing for further explanation of the sentence, we cannot conclude that Ramos preserved the issue. Furthermore, the district court's statement that "[t]here's nothing to rule on" should have alerted Ramos that he needed to clearly and specifically articulate the reasons for his objection so that it could be preserved for appeal. Lastly, Ramos's contentions that his efforts to properly object were circumvented by the court are unconvincing. Ramos had ample opportunity to ask the district court for further explanation during the sentencing hearing, but did not. *Cf. United States v. Castillo*, 430 F.3d 230, 241-43 (5th Cir. 2005) (finding it futile to require a prosecutor to formally object where the district court was openly hostile towards the prosecutor and continuously interrupted his attempts to formally object).

Because Ramos did not preserve this issue for appeal, we must next decide if the district court's error, if any, merits vacating his sentence under the plain

error standard.  In order to show plain error, Ramos must show that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his substantial rights. *See United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002). The first two elements of the test are met: Our examination of the sentencing transcript reveals that Ramos made a nonfrivolous request to justify a below-guideline sentence. The district court denied the request without providing any reasons, and then proceeded to sentence Ramos without explanation. We have held that this constitutes clear or obvious error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). But, Ramos fails to show that an explanation would have changed the length of his sentence, which is within the advisory guideline range. *Id*. at 362-63 (noting that in order to show substantial prejudice the defendant must prove that the error affected the sentencing outcome).  Thus, Ramos has not established that the error affected his substantial rights and we find no reversible plain error. *Id*. at 365.

Lastly, Ramos challenges the substantive reasonableness of his 300-month sentence, arguing that the district court failed to give sufficient weight to "the history and characteristics of the defendant" under § 3553(a).  The substantive reasonableness of a sentence is reviewed for an abuse of discretion.  *Gall*, 552 U.S. at 51.  Substantive reasonableness review entails consideration of the totality of the circumstances surrounding the offense.  *Id*.  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *Id*.

In this case, Ramos requested a downward variance from the guidelines range.  The district court listened to the statements of Ramos and his attorney but nevertheless imposed a sentence squarely within the guidelines range. There is no indication that the court abused its discretion in weighing the § 3553(a) factors.  The signed factual basis shows that Ramos was found with another gun and more drugs a few months after being arrested on the original

gun and drug charges.  These circumstances gave rise to the additional gun possession offense and he pleaded guilty to that offense as well as the initial charges.  In these circumstances, Ramos cannot overcome the presumption that the within-guidelines sentence was reasonable.  *See Mondragon-Santiago*, 564 F.3d at 367.

AFFIRMED.