In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1691

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES T. DUNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:06-cr-00147-TF-01—**John Daniel Tinder**, *Judge.*

SUBMITTED FEBRUARY 18, 2009—DECIDED APRIL 30, 2010

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

PER CURIAM. Charles Dunson pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court, over Dunson's objection, set a base offense level of 24 on the assumption that his prior Indiana conviction for fleeing a police officer in a vehicle, *see* IND. CODE § 35-44-3-3(a)(3), (b)(1)(A), is a conviction for a "crime of violence," *see* U.S.S.G. § 2K2.1(a)(2) & cmt. n.1, 4B1.2(a). The court sentenced Dunson to 110 months'

imprisonment, below the Guidelines range. Dunson now appeals.

Shortly after Dunson filed this appeal, we held in *United States v. Spells*, 537 F.3d 743, 752 (7th Cir. 2008), that the Indiana crime at issue is a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(1), (2)(B)(ii). "Taking flight calls the officer to give chase," we reasoned, and "dares the officer to needlessly endanger himself in pursuit." *Spells*, 537 F.3d at 752. Our decision was informed by *Begay v. United States*, 553 U.S. 137 (2008), and is not undermined by the Supreme Court's most recent application of *Begay*, *see Chambers v. United States*, 129 S. Ct. 687 (2009) (holding that passively failing to report for service of a criminal sentence is not a "violent felony").

The defendant in *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010), asked us to overrule *Spells* in light of the Eleventh Circuit's conclusion in *United States v. Harrison*, 558 F.3d 1280 (11th Cir. 2009), that fleeing from police in a vehicle is *not* a violent felony under the ACCA. We reexamined our approach but concluded that it was "neither unworkable nor unsound." *Id.* at 338. Someone who violates § 35-44-3-3(b)(1)(A), we explained, makes a "purposeful decision to do something that is inherently likely to lead to violent confrontation," even though the statute does not "*require* that an offender actually endanger others through his flight." *Id.* at 336-37.

Although Dunson was not sentenced as an armed career criminal, we interpret "violent felony" as used in § 2K2.1 the same way as "crime of violence" in § 924(e). *See,*

*e.g.*, *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). So *Spells* and *Sykes* are squarely on point, and the district court properly classified Dunson's prior conviction for fleeing a police officer in a vehicle as a crime of violence.

AFFIRMED.