**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010[*]
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1572

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:08-CR-00093-001 |
| ELLIS MEMBERS, | |
| *Defendant-Appellant.* | Sarah Evans Barker, |
| | *Judge.* |

**O R D E R**

Ellis Members was convicted of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and sentenced to 110 months' imprisonment. On appeal he challenges whether his prior Indiana conviction for resisting law enforcement, *see* IND. CODE § 35-44-3-3(b)(1)(A), qualifies as a crime of violence under the guidelines. At the time of sentencing, circuit precedent was against him, *see United States v. Spells*, 537 F.3d 743, 752 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2379 (2009), but Members hoped that we would reconsider in

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

light of an Eleventh Circuit case that holds a similar Florida statute is not a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e)(2)(B), *see United States v. Harrison*, 558 F.3d 1280 (11th Cir. 2009). After briefing finished in this case, however, we reaffirmed our holding that § 35-44-3-3(b)(1)(A) is a violent felony. *See United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010). Because Members's case is indistinguishable from *Sykes* and *Spells*, we affirm the sentence.

Members does not contest that he was convicted of resisting law enforcement using a vehicle, a Class D felony. *See* IND. CODE § 35-44-3-3(b)(1)(A). The district court classified the prior conviction as a crime of violence as defined in § 4B1.2(a) of the sentencing guidelines and used it to increase Members's base offense level to 20. *See* U.S.S.G. § 2K2.1(a)(4). Although Members argues that we should follow the Eleventh Circuit's lead in *Harrison* and hold that § 35-44-3-3(b)(1)(A) is not a violent crime, we rejected that argument in *Sykes*. In *Sykes*, the defendant had a prior felony conviction for a violation of the same Indiana statute—§ 35-44-3-3(b)(1)(A)—that was at issue in *Spells* and that is again before us in this case. *Sykes*, 598 F.3d at 335. After applying the three-step analysis established in *Begay v. United States*, 553 U.S. 137 (2008), we reaffirmed our holding in *Spells* and concluded that resisting law enforcement involves the type of "purposeful, violent and aggressive" behavior that makes it similar in kind to the crimes listed in the ACCA. *Sykes*, 598 F.3d at 337. We considered the reasoning in *Harrison* but explained that we saw no new facts or circumstances that convinced us to overturn our precedent. *Id.* at 337-38.

Accordingly, because we use a modified categorical approach in designating violent offenses, *Begay*, 553 U.S. at 141, Members's case falls squarely under *Sykes* and *Spells*. That his challenges arises under the guidelines rather than the ACCA is of no import because the two provisions at issue employ the same language and are interpreted alike. *See United States v. Billups*, 536 F.3d 574, 579 n.1 (7th Cir. 2008). Having twice determined that a violation of § 35-44-3-3(b)(1)(A) qualifies as a violent felony, we can find no error in the district court's decision to increase Members's base-offense level under § 2K2.1(a)(4) based on his prior conviction for resisting law enforcement.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.