[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

No. 09-13342
Non-Argument Calendar

_____

D. C. Docket No. 07-20599-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN ETHINGOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Ethingor Warren[1] appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Warren raises two main issues.

First, Warren argues that the district court erred in denying his motion to suppress the firearm seized from his vehicle by police. Warren asserts that the search of his vehicle cannot be justified as a search incident to arrest because the police officer failed to verify that Warren was the subject of the warrant prior to making the arrest. Additionally, Warren argues that the district court abused its discretion by denying his motion to reconsider the motion to suppress. Warren asserts that a police report submitted in support of the motion completely contradicted the officers' version of events and that he should be allowed to question the officers concerning the report in a second hearing.

Second, Warren argues that the district court erred in sentencing him as an armed career criminal because his conviction for reckless flight under Fla. Stat. § 316.1935(3) was not a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

I.      Suppression of the Evidence

A district court's denial of a motion to suppress evidence presents a mixed

_____

[1]Although the caption of the case lists the appellant's name as "Warren Ethingor," the record reflects that his name is actually "Ethingor Warren."

question of law and fact. *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). The district court's legal rulings are reviewed *de novo*, and its findings of fact are reviewed for clear error. *Id.* We may affirm the district court on any ground supported by the record. *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010) (noting that this Court "may affirm the denial of a motion to suppress on any ground supported by the record"). A district court's denial of a motion to reconsider is reviewed for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

Several Fourth Amendment doctrines are potentially relevant to this appeal. First, the Supreme Court has held that, after police officers perform a lawful arrest of a suspect, officers may conduct a warrantless search of the area within the suspect's immediate control in order to prevent the suspect from obtaining a weapon or destroying evidence. *Chimel v. California*, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040 (1969). In *New York v. Belton*, the Court held "that when a policeman has made a lawful custodial arrest of an occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981).

We interpreted *Belton* to mean that officers may search a vehicle incident to

3

an arrest even where the arrestee does not have actual control over the passenger compartment when the search occurs. *See, e.g. United States v. Gonzalez*, 71 F.3d 819, 825 (11th Cir. 1996). However, in *Arizona v. Gant*, an April 2009 decision, the Supreme Court adopted a narrower interpretation of *Belton*, holding that officers may "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." 556 U.S. ___, ___, 129 S. Ct. 1710, 1719 (2009) (quotation omitted).

Second, an automobile exception allows police to conduct a warrantless search of a vehicle if "(1) the vehicle is readily mobile; and (2) the police have probable cause for the search." *Lindsey*, 482 F.3d at 1293. The mobility requirement "is satisfied merely if the automobile is operational." *Id.* (quotation omitted). Probable cause to search a vehicle "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *Id.* (quotation omitted).

Third, under the inevitable discovery exception to the exclusionary rule, evidence obtained through an illegal search may nonetheless be admitted at trial if "the information ultimately or inevitably would have been discovered by lawful

means." *Nix v. Williams*, 467 U.S. 431, 444, 104 S. Ct. 2501, 2509 (1984). For the inevitable discovery exception to apply, "there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were being actively pursued prior to the occurrence of the illegal conduct." *Jefferson v. Fountain*, 382 F.3d 1286, 1296 (11th Cir. 2004). The active pursuit requirement is satisfied if the police can show that the evidence would have been discovered "by virtue of ordinary investigations of evidence or leads already in their possession." *United States v. Brookins*, 614 F.2d 1037, 1048 (5th Cir. 1980).[2]

Finally, an exception to the exclusionary rule exists where law enforcement officers conducted a search later determined to be unlawful with "the objectively reasonable belief that their conduct did not violate the Fourth Amendment." *United States v. Leon*, 468 U.S. 897, 918, 104 S. Ct. 3405, 3418 (1984). Recently, in *United States v. Davis*, we applied the good-faith exception in a situation factually similar to Warren's case. 598 F.3d 1259 (11th Cir. 2010). In that case, a police officer arrested Davis, a passenger in a vehicle, for giving a false name. *Id.*

---

[2]In *Bonner v. City of Prichard*, we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

at 1261. The officer placed Davis in his patrol car, then searched Davis's vehicle. *Id.* The officer discovered a revolver in the pocket of Davis's jacket, which Davis had left in his vehicle. *Id.* Davis was convicted of being a felon in possession of a firearm. *Id.* While Davis's appeal was pending, the Supreme Court handed down its decision in *Gant. Id.*

On appeal, the government conceded that the search of Davis's vehicle was unconstitutional under the *Gant* decision. *Id.* at 1262. Nevertheless, the government argued that we should not apply the exclusionary rule to searches conducted in good-faith reliance on our precedent. *Id.* We agreed with the government's position, noting that the goal of the exclusionary rule—deterring police misconduct—would not be served where the police conducted the search in reliance on unambiguous and well-settled precedent. *Id.* at 1264-65. We held that the exclusionary rule should not apply in Davis's case because the search of the vehicle was objectively reasonable under our then-binding interpretation of *Belton*. *Id.* at 1267.

"Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial." *United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970). Nevertheless,

6

"[i]f new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *Id.*

Here, we assume—as the government concedes in its brief—that the search of Warren's vehicle cannot be justified as being incident to a lawful arrest. By the time the officers searched the vehicle, Warren had already been arrested and handcuffed and was not within reaching distance of the firearm. Also, there is nothing in the record to suggest that evidence of the crime for which Warren was arrested—fleeing and eluding a police officer—would be found in the vehicle.

Nevertheless, we conclude that the firearm was admissible under the inevitable-discovery exception to the exclusionary rule because it would have been found by the police during their subsequent inventory search of Warren's vehicle. Moreover, under our recent decision in *Davis*, the firearm was admissible under the good-faith exception because the search of Warren's vehicle was objectively reasonable under our then-binding interpretation of *Belton*. Although the district court did not make any findings concerning the good-faith exception, we may affirm on any ground supported by the record. Accordingly, the district court properly denied Warren's motion to suppress.

The district court also did not commit an abuse of discretion by denying Warren's second motion for reconsideration. The police report that Warren

7

submitted in support of his motion to reconsider merely showed that a detective, whose connection to this investigation was unclear, ran a search for Warren's name for an unknown reason. Because the police report did not contradict the officer's testimony at the suppression hearing or call his memory of the events into doubt, the district court properly denied Warren's second motion to reconsider without holding an evidentiary hearing.

## II. Sentencing

We "review *de novo* the district court's determination that a particular conviction qualifies as a violent felony for purposes of the ACCA." *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009). Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The ACCA provides that a defendant convicted of being a felon in possession of a firearm is subject to an enhanced, fifteen-year mandatory minimum sentence if he has at least three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). In determining whether a defendant's prior conviction constitutes a violent felony, a court must employ a

categorical approach, looking only to judgment of conviction and the statutory language. *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1273 (11th Cir. 2006). However, if the judgment and statute are ambiguous such that the court is unable to determine whether the prior conviction qualifies as a violent felony, the court may also consider "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 1273-74 (quotation omitted).

In *United States v. Orisnord*, we held that a conviction under Fla. Stat. § 316.1935(3) is a "crime of violence" within the meaning of the career offender guideline. 483 F.3d 1169, 1182-83 (11th Cir. 2007). In *United States v. Harris*, we reexamined that question in light of the Supreme Court's recent decisions interpreting the ACCA. 586 F.3d 1283, 1285-89 (11th Cir. 2009). We concluded that, under the analysis set forth by the Supreme Court in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), a Fla. Stat. § 316.1935(3)(a) offense is a crime of violence because fleeing at a high speed, or with a wanton disregard for safety, poses a serious potential risk of injury to others, and is purposeful, violent, and aggressive conduct. *Harris*, 586 F.3d at 1288-89. Although *Harris* addressed whether a Fla. Stat. § 316.1935(3)(a) offense was a "crime of violence" under the career offender guideline, we have observed that the ACCA's definition of "violent

9

felony" is "virtually identical" to the career offender guideline's definition of "crime of violence." *Archer*, 531 F.3d at 1352. Thus, the holding in *Harris* is equally applicable to the ACCA.

Accordingly, we affirm Warren's conviction and sentence.

**AFFIRMED.**[3]

---

[3] Appellant's request for oral argument is denied.