**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0681n.06

No. 09-5756

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **Donald Noah,** | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

**FILED**
**Nov 04, 2010**
LEONARD GREEN, Clerk

**BEFORE:**    **Merritt, Rogers, and Kethledge, Circuit Judges.**

   **MERRITT, Circuit Judge.**  The Armed Career Criminal Act defines a "violent felony" as

follows:

>    (B) the term "violent felony" means any crime punishable by imprisonment
> for a term exceeding one year, or any act of juvenile delinquency involving the use
> or carrying of a firearm, knife, or destructive device that would be punishable by
> imprisonment for such term if committed by an adult, that—
>
>       (i) has as an element the use, attempted use, or threatened use
> of physical force against the person of another; or
>
>       (ii) is burglary, arson, or extortion, involves use of explosives,
> or otherwise involves conduct that presents a serious potential risk of
> physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).  Defendant Donald Noah pled guilty to one count of possessing a firearm

after being convicted of a felony in violation of 18 U.S.C. § 922(g).  He was sentenced under the

Armed Career Criminal Act and received the mandatory 180-month sentence. 18 U.S.C. § 924(e)(1).

On appeal, Noah disputes that a prior conviction for Intentionally Evading Arrest in an Automobile

is a class of felony under Tennessee law that satisfies the definition of a "violent felony" under the

Armed Career Criminal Act. He, therefore, argues that this prior conviction should not count as one

of the three prior violent crimes necessary to trigger the mandatory minimum sentence under the Act.

Because the intentional act of fleeing in a car in this case involves "conduct that presents a serious

potential risk of physical injury to another," we agree with the district court that the prior felony

should count as a "violent felony" for purposes of the Armed Career Criminal Act, and we affirm

the judgment of the district court.

An offense qualifies as a "violent felony" under the residual clause of § 924(e)(2)(B)(ii)—one

that "otherwise involves conduct that presents a serious potential risk of physical injury to

another"—if it is "roughly similar, in kind as well as in degree of risk posed," to the enumerated

offenses. *Begay v. United States*, 553 U.S. 137, 143 (2008) (construing the definition of "violent

felony" contained in the Armed Career Criminal Act). To be counted as a prior violent felony,

therefore, a crime must be similar to the listed offenses not only in degree of risk posed, but also in

the sense that it involves "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144-45.

The indictment in this case states that Noah "unlawfully and intentionally" fled from an

officer after being signaled to stop, "thereby creating a risk of death or injury to third parties." That

offense would be a Class D felony under the Tennessee statute. *See* Tenn. Code Ann. § 39-16-

603(b)(3).[1] Noah now argues that he pled guilty to a Class E felony, which does not include the element of creating risk to others. *See id.* He says that the judgment for his conviction is ambiguous because the judge crossed out "E" and circled "D." We disagree. We think the Tennessee judge plainly intended to mark the conviction as a Class D violation. Noah created a risk of death or injury to others while intentionally fleeing from an officer. This conduct clearly meets the *Begay* requirements of presenting a "serious potential risk of physical injury," as well as involving the same or similar kind of "purposeful, violent, and aggressive" conduct as the enumerated crimes of burglary, arson, extortion, or the use of explosives. *Begay*, 553 U.S. at 140-41.

The Supreme Court has granted certiorari in a case from the Seventh Circuit involving the use of a conviction under Indiana's fleeing law enforcement statute as a prior violent felony for purposes of the Armed Career Criminal Act. *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010), *cert. granted*, No. 09-11311, 2010 WL 2345244 (U.S. Sept. 28, 2010). The case holds that a statute, like the one in the instant case, criminalizes a "violent felony" as a categorical matter. *Sykes* agrees with cases from the Fifth and Tenth Circuits. *United States v. Harrimon*, 568 F.3d 531, 536 (5th Cir. 2009); *United States v. West*, 550 F.3d 952, 971 (10th Cir. 2008). One case from the Eleventh Circuit is in conflict with these cases. *United States v. Harrison*, 558 F.3d 1280 (11th Cir. 2009). Regardless of the outcome of *Sykes* in the Supreme Court, the outcome of the instant case is likely

---

[1]Tenn. Code Ann. § 39-16-603(b)(3) states: "A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony."

to stand due to the language found in Noah's indictment. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *Shepard v. United States*, 544 U.S. 23, 26 (2005). Given the Supreme Court's prior interpretations of the Armed Career Criminal Act, Noah's prior conviction for fleeing in his car after officers instructed him to stop carries the requisite "serious potential risk of physical injury to another" and is the type of "purposeful, violent, and aggressive conduct" that qualifies it as a prior violent felony for purposes of sentencing under the Armed Career Criminal Act.

For the foregoing reasons, the judgment of the district court is affirmed.