HELENE N. WHITE, Circuit Judge,
(dissenting).
I respectfully dissent. I would reverse the sentence and remand for resentencing without application of the Armed Career Criminal provision of the Guidelines in light of Sykes v. United States, — U.S. -, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011).
I
I agree with the majority that this appeal involves the type of state statute about which Sykes reserved discussion— the Court specifically declined to address proper interpretation of statutes like Tennessee’s, where the state both distinguishes between simple vehicular flight and vehicular flight that poses a risk of injury to others, and punishes the latter more harshly than the former. However, I do not agree that Sykes supports that Class E felony evading arrest in Tennessee is a violent felony under the ACCA.
The salience of the difference between Class E and Class D felony evading arrest under Tennessee law is demonstrated by Tennessee cases. In State v. Turner, 193 S.W.3d 522, 525 (Tenn.2006), the Tennessee Supreme Court held that for conviction of Class D felony evading arrest, “[a]ll that need be shown is that the defendant evaded arrest and that in so doing, he created the risk of death or injury.” The court determined that the defendant’s conduct in fleeing from police at speeds reaching 50 to 60 miles per hour in a residential neighborhood, “passing a vehicle in a no-pass zone and ignoring a four-way stop sign” was sufficient to sustain a conviction for Class D evading arrest because “the defendant created a risk of death or injury to every driver and pedestrian in his proximity as he operated his vehicle heedless of the traffic signals.” Id. at 524-25. Thus, “[t]he Tennessee Supreme Court has held that proof establishing that other motorists were on the street or that pedestrians were walking along a sidewalk during a chase is sufficient to sustain a conviction for Class D felony evading arrest with risk to others.” State v. Johnson, No. M200701644-CCA-R3-CD, 2009 WL 2567729, at *10 (Tenn.Crim.App. Aug. 18, 2009) (citing Turner, 193 S.W.3d at 525). Consistent with this interpretation, in State v. Menifee, No. M2005-00708-CCA-R3-CD, 2006 WL 2206067, at *4 (Tenn.Crim.App. July 31, 2006), the Tennessee Court of Criminal Appeals held that the defendant’s conduct in fleeing from police at a high rate of speed while weaving in and out of traffic was sufficient to prove creation of the risk of death or injury of others, thus moving the offense out of the definition of Class E evading arrest and into the Class D felony. See also State v. White, No. M2005-01991CCA-R3-CD, 2006 WL 2956505, at *3 (Tenn.Crim.App. Oct. 13, 2006) (“The presence of other vehicles on the street during the course of a high speed chase supports a finding that Defendant’s conduct placed others in danger.”). Conviction of the Class D requires only some sort of reckless driving on a public road and the presence of pedestrians or other motorists.
*438 The threshold for conviction of the Class E felony is even lower, and contemplates an absence of a risk of injury to others. Mere failure to obey an officer’s signal to stop, without more, satisfies only the elements of the Class E felony, and does not, under Tennessee law, establish a risk to the safety of others. See State v. Calloway, No. M2004-01118-CCA-R3-CD, 2005 WL 1307800, at *5 (Tenn.Crim.App. June 2, 2005) (“There is no evidence that Defendant’s driving created any risk of death or injury while he was crossing [the public roadway].”). The Class E crime covers only the least risk-inducing examples of vehicular flight.
Sykes instructs us to find guidance in determining whether a particular offense is a violent felony by comparing it to the “offenses enumerated in § 924(e) (2) (B) (ii) — burglary, extortion, arson, and crimes involving use of explosives.” Sykes, 131 S.Ct. at 2273. As discussed in Sykes, many types of vehicular flight from police will pose a risk of injury to others equal to or greater than the risk posed by these offenses. I cannot say, however, that the risk inherent in Class E evading arrest in Tennessee rises to this level. All that is required for conviction of Class E evading arrest is that the defendant: “(a) was operating a motor vehicle on a street, road, alley, or highway; (b) received a signal from a law enforcement officer to stop; (c) after receiving such signal, fled or attempted to elude the officer; and (d) acted intentionally.” State v. Rogers, No. M2006-01339-CCA-R3-CD, 2007 WL 4245051, at *2 (Tenn.Crim.App. Dec. 4, 2007). “What is determinative of the issue of whether [a defendant] was fleeing the police is not his speed but, instead, the fact that he intentionally continued driving, after having received a signal to stop....” State v. Johnson, No. W2000-00386-CCA-R3-CD, 2001 WL 721082, at *7 (Tenn.Crim.App. June 26, 2001). Mere “unwillingness] to stop when signaled to do so by a law enforcement officer,” id., without any additional risky or evasive conduct, does not, in the ordinary case, “presentí ] a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B).[1]
Further, on the same day the Supreme Court granted certiorari and summarily vacated the Sixth Circuit’s judgment in Rogers, it denied certiorari in at least 20 other cases raising the question whether convictions under state vehicular-flight statutes constitute convictions of violent felonies.[2] The majority of those cases in *439 volved convictions under statutory provisions that specify, as an element of the offense, that the defendant’s flight from police actually created a risk of physical injury to others. See Lee, 631 F.3d at 1347 (conviction under New Jersey statute making it a crime of the second degree to flee from police in a vehicle “if the flight or attempt to elude creates a risk of death or injury to any person” (quoting N.J. Stat. Ann. § 2C:29-2b); statute also includes simple-vehicular-flight provision designated as lesser-degree crime); Dismuke, 593 F.3d at 590 (conviction under Wisconsin statute criminalizing vehicular flight from police in a manner that “endanger[s] the operation of the police vehicle, or other traffic officer or other vehicles or pedestrians” or where the fleeing vehicle operator “inerease[s] the speed of the operator’s vehicle or extinguish[es] the lights of the vehicle in an attempt to elude or flee” (quoting Wis. Stat. § 346.04(3))); Partee, 373 Fed.Appx. at 603 (same); Welch, 604 F.3d at 417 (conviction under Illinois statute making fleeing from a police officer an aggravated offense if the flight “(1) is at a rate of speed at least 21 miles per hour over the legal speed limit; (2) causes bodily injury to any individual; (3) causes damage in excess of $300 to property; or (4) involves disobedience of 2 or more official traffic control devices” (quoting 625 111. Comp. Stat. 5/11 — 204.1(a))); Womack, 610 F.3d at 433 & n. 7 (same); Malloy, 614 F.3d at 862, 865 (conviction under Iowa vehicular-flight statute that makes it a class “D” felony to flee from law enforcement “and in doing so exceed[ ] the speed limit by twenty-five miles per hour or more” while simultaneously either “(1) committing another felony, (2) operating under the influence of drugs or alcohol or possessing a controlled substance, or (3) injuring [another] person” (citing Iowa Code § 321.279(3)(a)-(c))); Clay, 622 F.3d at 895 (conviction under Iowa statute making it an “aggravated misdemeanor” to flee
*440 police while “exceed[ing] the speed limit by twenty-five miles per hour or more” (quoting Iowa Code § 321.279(2))); McConnell, 605 F.3d at 826 (conviction under subsection of Kansas vehicular-flight statute making it a felony to be “involved in any motor vehicle accident or intentionally cause[ ] damage to property” while fleeing from police (quoting Kan. Stat. Ann. § 8-1568(b)(1)(D)); statute also contains simple-vehicular-flight provision designated as lesser grade of crime); Warren, 383 Fed.Appx. at 363 (concluding that the defendant’s “crime [under North Carolina law] of intentional fleeing to elude arrest, coupled with the aggravating factors of speeding in excess of fifteen miles above the posted speed limit and reckless driving,” is a violent felony); Stephens, 393 Fed-Appx. at 343 (conviction for fleeing and eluding in the third degree under Michigan law, which requires that the driver “increas[e] the speed of the vehicle, extinguish ] the lights of the vehicle, or otherwise attempt] to flee,” and that the violation “resultf ] in a collision or accident,” “occur in an area where the speed limit is 35 miles an hour or less” or that the driver has a previous vehicular-flight conviction (quoting Mich. Comp. Laws § 750.479a(l), (3))); Askew, 384 Fed.Appx. at 506-07 (conviction under Minnesota vehicular-flight statute including in definition of “flee” “to increase speed [or] extinguish motor vehicle headlights or taillights” (quoting MinmStat. § 609.487, subd. 1)); Atkins, 379 Fed.Appx. at 764 (conviction under Colorado vehicular-eluding statute that includes as element of the offense that the defendant must have “operatefd] his or her vehicle in a reckless manner” (quoting Colo.Rev.Stat. § 18-9-116.5)); Harris, 586 F.3d at 1284 (conviction under Florida statute making it a second-degree felony to flee from police by “[d]riv[ing] at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property” (quoting Fla. Stat. § 316.1935(3)(a))); Ethingor, 388 Fed.Appx. at 861-62 (same).
A minority of cases involve statutes that target both simple and aggravated vehicular flight, but that, as in the Indiana statute discussed in Sykes, treat both offenses as equally serious and subject defendants to identical sentences for violation of either. See Wise, 597 F.3d at 1143-44 (conviction under Utah statute making it crimes of equal degree to fail to stop after a signal by a police officer either while operating a vehicle so as “to interfere with or endanger the operation of any vehicle or person; or attempt to flee or elude a peace officer by vehicle or other means” (quoting Utah Code Ann. § 41-6a-210(l)(a))); Dunson, 603 F.3d at 1023 (discussing same Indiana statute at issue in Sykes).
To be sure, the denial of a petition for a writ of certiorari carries no precedential effect. See Maryland v. Baltimore Radio Show, 338 U.S. 912, 919, 70 S.Ct. 252, 94 L.Ed. 562 (1950) (opinion of Frankfurter, J., respecting denial of certiorari) (“[T]his Court has rigorously insisted that [a denial of certiorari] carries with it no implication whatever regarding the Court’s views on the merits of a case which it has declined to review.”); United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 67 L.Ed. 361 (1923) (“The denial of a writ of certiorari imports no expression of opinion upon the merits of the case.... ”). However, it is worth recognizing that on the same day the Supreme Court denied certiorari in at least 20 cases raising the question whether convictions under state vehicular-flight statutes constituted violent felonies, but granted certiorari and vacated for further consideration in light of Sykes in only one case, Rogers, which turns on the same statutory provision at issue here. The salient *441 difference between those cases and both Rogers and this one is that the defendants there were convicted under statutory provisions that either 1) clearly specified that the defendant’s conduct must carry some heightened risk of injury to others, or 2) contained provisions criminalizing both “simple” and “aggravated” vehicular flight, but treated both types as equally serious offenses. In this case, Doyle was convicted under the simple-vehicular-flight provision of Tennessee’s flight statute (Class E felony evading arrest), as distinguished from the state’s aggravated-vehicular-flight provision that requires “creatfion of] a risk of death or injury to innocent bystanders or other third parties” (Class D felony evading arrest). This distinction takes this case (and Rogers) out of the holding of Sykes, as highlighted by the Court’s grant of certiorari and summary vacatur in Rogers.[3]
Tennessee has distinguished between crimes of vehicular flight that create a risk of injury to others (Class D felony) and crimes of vehicular flight that merely involve intentional failure to follow a police request to stop (Class E felony). The two offenses are classed as different degrees of crime, and are subject to different punishments. And Class E felony evading arrest is a lesser-included offense of Class D felony evading arrest. State v. Calloway, No. M2004-01118-CCA-R3-CD, 2005 WL 1307800, at *6 (Tenn.Crim.App. June 2, 2005). Doyle’s conviction of Class E felony evading arrest thus falls squarely within the category of cases about which the Supreme Court reserved decision in Sykes. Sykes, 131 S.Ct. at 2295 (Kagan, J., dissenting) (“[T]he Court reserve[d] the question whether a vehicular flight provision ... is a crime of violence under ACCA ‘where that offense carries a less severe penalty than [a greater] offense that includes it.’ ” (second and fourth alterations in original)).
The operative question, then, remains whether, “as a categorical matter, [Doyle’s conviction] presents a serious potential risk of physical injury to another.” Id. at 2273 (maj. op.). This is a close question in light of Sykes, given its broad conclusion that vehicular flight can create a risk of injury to others “[e]ven if the criminal attempting to elude capture drives without going at full speed or going the wrong way.” Id. However, given the ease with which Class D felony evading arrest can be proven in Tennessee (requiring only some indication of recklessness plus the presence of pedestrians or other motorists), Class E evading arrest is reserved for only the most innocuous types of vehicular flight.[4] In the particular context of the Tennessee statute, where the flight element of the offense is established when the *442 defendant “intentionally continuéis] driving[] after having received a signal to stop,” Johnson, 2001 WL 721082, at *7, Class E felony evading arrest does not rise to the level of a violent felony, as it typically covers the mere knowing failure to obey a police order to stop, without any of the additional risk contemplated by Tennessee’s Class D felony provision.
I would therefore hold that Doyle’s prior convictions under Tenn.Code Ann. § 39-16-603(b) do not constitute violent felonies and remand for resentencing without application of the Armed Career Criminal provision.

. This conclusion is consistent with the Eleventh Circuit’s (pre-Sykes) analysis in United States v. Harrison, 558 F.3d 1280 (11th Cir.2009). There, the court considered whether third-degree vehicular flight under Florida law was a violent felony. Id. at 1290 & n. 16. The Florida statute distinguished between simple vehicular flight and aggravated vehicular flight, with the latter defined as vehicular flight where the fleeing person “drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property.” Id. (quoting Fla. Slat. § 316.1935(3)). Simple vehicular flight was a misdemeanor and simple vehicular flight from a police officer who has activated his or her siren and lights was a third-degree felony, while aggravated vehicular flight was a second-degree felony. Id. at 1291. The court determined that commission of the third-degree felony under the statute was not a “violent felony" because "the nature of [such] crime, as ordinarily committed, does not involve the same high level of risk. Neither high speed nor reckless driving is a statutory element of the Florida crime at issue here.” Id. at 1294. The same logic applies here.

. See United States v. Lee, 631 F.3d 1343 (11th Cir.2011), cert. denied, - U.S. -, 131 S.Ct. 3036, 180 L.Ed.2d 865 (2011); United States v. Dismuke, 593 F.3d 582 (7th Cir. 2010), cert. denied, - U.S. -, 131 S.Ct. 3018, 180 L.Ed.2d 844 (2011); United States v. Dunson, 603 F.3d 1023 (7th Cir.2010) (per curiam), cert. denied, - U.S. -, 131 S.Ct. *439 3020, 180 L.Ed.2d 849 (2011); Welch v. United States, 604 F.3d 408 (7th Cir.2010), cert. denied, - U.S. -, 131 S.Ct. 3019, 180 L.Ed.2d 844 (2011); United States v. Womack, 610 F.3d 427 (7th Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 3020, 180 L.Ed.2d 849 (2011); United States v. Malloy, 614 F.3d 852 (8th Cir.2010), cert. denied,- U.S. -, 131 S.Ct. 3023, 180 L.Ed.2d 851 (2011); United States v. Clay, 622 F.3d 892 (8th Cir.2010), cert. denied, - U.S. -, 131 S.Ct. 3023, 180 L.Ed.2d 851 (2011); United States v. McConnell, 605 F.3d 822 (10th Cir.2010), cert. denied, - U.S. -, 131 S.Ct. 3021, 180 L.Ed.2d 850 (2011); United States v. Wise, 597 F.3d 1141 (10th Cir.2010), cert. denied, - U.S. -, 131 S.Ct. 3020, 180 L.Ed.2d 849 (2011); United States v. Warren, 383 Fed.Appx. 360 (4th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3020, 180 L.Ed.2d 849 (2011); United States v. Petersen, 383 Fed.Appx. 458 (5th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3020, 180 L.Ed.2d 849 (2011); United States v. Ramos, 376 Fed.Appx. 457 (5th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3019, 180 L.Ed.2d 849 (2011); United States v. Noah, 401 Fed.Appx. 54 (6th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3025, 180 L.Ed.2d 851 (2011); United States v. Stephens, 393 Fed.Appx. 340 (6th Cir.2010) (unpublished), cert. denied,U.S. -, 131 S.Ct. 3023, 180 L.Ed.2d 850 (2011); United States v. Askew, 384 Fed.Appx. 504 (7th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3022, 180 L.Ed.2d 850 (2011); United States v. Members, 376 Fed.Appx. 633 (7th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3019, 180 L.Ed.2d 849 (2011); United States v. Partee, 373 Fed.Appx. 602 (7th Cir.2010) (unpublished), cert. denied, — U.S. -, 131 S.Ct. 3019, 180 L.Ed.2d 848 (2011); United States v. Atkins, 379 Fed.Appx. 762 (10th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3022, 180 L.Ed.2d 850 (2011); United States v. Ethingor, 388 Fed.Appx. 858 (11th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3022, 180 L.Ed.2d 850 (2011); United States v. Harris, 586 F.3d 1283 (11th Cir.2009), cert. denied, - U.S. -, 131 S.Ct. 3018, 180 L.Ed.2d 844(2011).

. Among the cases in which the Supreme Court denied certiorari was United States v. Noah, 401 Fed.Appx. 54 (6th Cir.2010) (unpublished), cert. denied, - U.S. -, 131 S.Ct. 3025, 180 L.Ed.2d 851 (2011). There, the defendant was convicted in Tennessee of Class D felony evading arrest. Doyle's situation obviously differs from the defendant’s in Noah because here Doyle was convicted of Class E felony evading arrest, which lacks the risk-to-third-parties element. The court denied certiorari in Noah, but granted certiorari and vacated in Rogers, which addresses the identical question presented here. This further underscores that Doyle’s conviction of Class E felony evading arrest instead of the Class D crime is a distinction with a significant difference.

. It does not matter that Doyle's actual conduct likely created a risk of injury to others (and that he probably could have been charged with the Class D felony). Under the categorical approach, courts "look only to the statutory definition of the prior offense, and ... not ... the particular facts disclosed by the record of conviction.” Id. at 2272 (quoting James, 550 U.S. at 202, 127 S.Ct. 1586).